## ALEXANDER v. THE STATE.

An information against a justice of the peace, under section 63, 2 R. S. p. 442, for failing to pay over to the county treasurer money received for fines, need not state from whom the money was received.

By section 21, 2 R. S. p. 500, all sums paid over by justices of the peace on account of fines, are devoted to the use of common schools, whatever may have been the offense for which they were assessed.

A re-enactment of a section with an addition, under art. 4, sec. 21 of the constitution, as construed in *Langdon* v. *Applegate*, is not a repeal of the original section.

APPEAL from the *Johnson* Court of Common Pleas. GOOKINS, J.—The appellant was prosecuted for a viola-

VOL. IX.—22

May Term, 1857.

ALEXANDER v. THE STATE.

| 9 | 337 |
| 127 | 23 |
| 9 | 337 |
| 138 | 450 |
| 139 | 248 |

*Monday, June 8.*

tion of section 21, 2 R. S. p. 500, which requires every justice of the peace, on the first *Mondays* in *January* and *July* in each year, and on going out of office, to pay over to the county treasurer all money he may have received on account of fines, for the use of common schools. The 63d section, 2 R. S. p. 442, provides that if any officer of this state shall fail to perform any duty within the time, and in the manner, prescribed by law, he shall be fined, &c., to which imprisonment may be added.

The information charged that on the first *Monday* in *January*, 1854, the defendant was a justice of the peace of *Johnson* county; that he continued to be such justice until, and including, the first *Monday* in *July* in that year; that during that time he had received sums for fines, from divers persons, amounting, &c., which moneys were set apart for common school purposes, and which he failed, on said first *Monday* in *July*, and still failed to pay over to the county treasurer. The information was supported by affidavits, that a fine had, within the time prescribed, been assessed by the defendant against, and collected from, one *Jones*; that during that time he had been a justice of the peace for said county, and that he did not, on the first *Monday* in *July* aforesaid, nor had he yet paid any money to the treasurer, received during that time for such purpose.

A motion to quash the information was overruled, and he excepted. On a trial by the Court he was found guilty, and fined; a motion in arrest of judgment was overruled; and judgment given on the finding.

The objection taken to the information is, that it does not state from whom the moneys were received by the defendant. In *The State* v. *McCormack*, 2 Ind. R. 305, this was held to be unnecessary. We adhere to that opinion.

It is further objected that the affidavits do not support the information, because they do not show that the fine was assessed and collected for a breach of the penal laws of the state, or that it belonged to the common school fund. This objection is based upon an erroneous view of the statute. The 21st section above quoted requires the justice to pay over to the treasurer all moneys he may

have received on account of fines, and it devotes them,
when so paid, to the use of common schools. The second
section of the school act (1 R. S. p. 439), appropriates all
fines assessed for breaches of the penal laws of the state,
to the same object. This 21st section goes further, and
includes all fines. A fine for a contempt is as much bound
to be paid over as any other.

It is further insisted that the section in question was re-
pealed before this prosecution was commenced, which was
in *December*, 1856. In *March*, 1855, " an act to amend
the 21st section," &c., "·and to enable justices to obtain
mileage in making returns," was passed. It recites said
section, and then declares that it is amended to read as
follows. It then amends the section by re-enacting it in
the same words, adding in conclusion that the justice shall
receive certain compensation for the required service. Al-
though this act does not in express terms repeal the sec-
tion as it stands in the act of 1852, it is insisted that as
the latter enactment is a revision of the former, it repeals
it by implication. This mode of amending a statute has
grown out of a provision of the constitution requiring the
section amended to be set forth and published at full
length. Art. 4, s. 21. It having been decided, in *Langdon*
v. *Applegate*, 5 Ind. R. 327, that the amending act must
contain a repetition of the act or section sought to be
amended, the legislature, to meet the requirements of that
decision, have, for the purpose of providing that justices
shall be paid for the service in question, amended the sec-
tion in the manner above stated. As we are not discus-
sing the merits of that decision, it is unnecessary to say
whether the legislature might have attained the same end
by a shorter process. It is clear that this was not a repeal.
It was not so designed. It was simply an amendment.
In *Cheezem* v. *The State*, 2 Ind. R. 149, it was held that a
re-enactment in substance of a section of a former statute,
was not a repeal of it.

*Per Curiam.*—The judgment is affirmed with costs.

*G. M. Overstreet* and *A. B. Hunter*, for the appellant.

*J. H. Williams*, for the appellee.