## WILLIAMS et al. v. PEINNY et al.

1. Injunction: PARTIES. A resident and tax payer of a district township where the levy of an unauthorized tax has been made for school purposes, may enjoin the collection thereof.

2. School: CONTRACTS FOR REPAIRS. Contracts for mere *repairs* of school-houses may be made by the directors of the district township, and paid out of the "contingent fund" (Laws of 1862, ch. 172, § 44), without being specially authorized by a vote of the electors. Whether the improvements in a given case are of a character to come within the meaning of the term "repairs," is a question of fact to be established by the proof.

*Appeal from Fremont District Court.*

THURSDAY, JULY 23.

THE petition shows that plaintiffs are citizens and tax payers of Benton township, in Fremont county, having

property therein upon which they are liable to pay taxes; that in 1866, Thorngate, Blanchard and Beebont were the sub-directors in the district township of Benton, Peinny the treasurer, and Davis the secretary; and that said Peinny, Blanchard and Beebont, are still in office, etc. In April of that year, the electors of said district township appropriated $300 to repair the school-house in subdistrict No. 2 in said township. No record was made of said appropriation, or, if so, the same was lost. The board of directors of the township, disregarding this action of the electors, unlawfully issued warrants on the treasurer of said district township for repairs to said school-house, to the amount of $637.35; have wholly changed and remodeled said house, in a manner not contemplated by the electors at the meeting in April, 1866, and that they have thus expended $337.35 more than was appropriated, and most of said illegal warrants remain unpaid.

The petition then proceeds to show, that five of these illegal warrants were issued to two of the defendants, who were at the time members of the board, and who still hold the same; that the balance due thereon is $434.35; that they well knew that the district board had no authority to issue said warrants; that the other defendant is the treasurer, and as such has control of the school-house and other fund, etc. The prayer is to enjoin the treasurer from paying, or the holders, the other defendants, from negotiating or disposing of, said warrants. To this petition, defendants interposed a demurrer, which was overruled. They excepted, and now appeal.

*L. Lingenfelter* for the appellants.

*E. H. Sears* and *T. H. Stockton* for the appellees.

WRIGHT, J.— I. The objections that plaintiffs are not the proper parties, and that there is a plain and adequate

**1. INJUNCTION: parties.** remedy at law, are without force. As tax payers and residents of said district, they would have a right to ask the courts to restrain the collection of a tax levied without authority of law. They have such an interest in the question as entitles them to be thus heard. It is idle in such a case to talk about turning each tax payer over to his remedy at law against the officers upon their official bond or otherwise.

II. But the more important inquiry relates to the powers of the electors and board over the subject of **2. SCHOOLS: contracts for repairs.** school house repairs and taxation. Our opinion is, that if the contracts made were for "repairs," and no more, the matter was entirely under the control of the district board, and the action of the electors of the subdistrict was, therefore, of no moment.

As we understand the law, repairs are paid for out of what is called the "contingent fund" (Laws 1862, ch. 172, § 44), and the sum to be raised for this purpose is to be estimated by the *board* (not by the electors) and certified by the secretary to the board of supervisors, who are to make the levy. Same, § 17. The tax which is raised for what is termed "the school-house fund," on the contrary, must be levied pursuant to a vote of the people of the subdistrict or township district, or both (§ 7, cl. 5, also 16 and 17), and without such vote, either by the electors of the sub or township district, the board have no power to levy the tax. It is their duty to make all contracts, purchases, payments and sales necessary to carry out any vote of the district (§ 20), but they can make no contracts in relation to those matters which must originate with the electors, until the electors have conferred the power. Sub-directors are subject to be directed and restrained by such rules and regulations as may be established consistent with law by the board (§ 32), and under these rules and regulations they may negotiate and make

all necessary contracts for fuel, employing teachers, repairing and furnishing school-houses, etc., within their respective districts. § 48.

Applying these provisions and the views above expressed, it follows that if these contracts were made for "repairs," they were payable out of the "contingent fund," and hence were binding. Whether they were "repairs," — such improvements as come within the meaning of the term, — is a question of fact to be determined by the proof. The board could not, under the name of "repairs," make contracts involving the rebuilding, or an addition, in no just sense a repair, and charge it to the contingent fund. If this could be done, then without a vote of the people they could remodel, and even rebuild, and the power given to the electors would exist in name merely. The theory of the system is to require all matters to originate with the people when a tax of any considerable amount is to be raised. Here is the source of power, and prudence, and the best interest of the schools, demand that it be appealed to when there is doubt, rather than that the board shall assume doubtful powers, to be settled and recognized perhaps only at the end of a needless and unprofitable litigation. Experience demonstrates that there is more danger in extending, by construction, the powers of the board or officers than of the people.

How far a third person might be protected as the holder of a warrant, issued upon a contract for repairs, where the board had simply misjudged the character of the improvements—not in a case where there was a clear want of power—we need not stop to inquire. In this case the payee and holders of the warrants were on the board when the contract was made; it is alleged they disregarded the action of the electors, unlawfully issued the warrants, the collection of which is now sought to be restrained, and that they knew there was no power to

issue the same. If this is so, within the meaning of the law, as above explained, then plaintiffs may have the relief claimed. And, while the petition is not as specific in pointing out to what extent or how the house was "changed and remodeled" as it should have been, we have not felt inclined, as the objection is not made, to disturb the order overruling the demurrer, except so far as relates to *a part* of the sum enjoined. Assuming that action on this subject, in this instance, properly originated with the electors, then it seems they voted to raise $300. The board made contracts and issued warrants to the amount of $637.35, of which there remains unpaid $434.-35. Of this, $97, balance of the $300 (deducting $434.35 from $637.35 = $203 + $97 = $300), was in any view legal, and should have been paid. Because of this error the order below is reversed and cause remanded, with leave to parties to plead anew if they shall be so advised.

Reversed.