MANNING v. THE DISTRICT TOWNSHIP OF VAN BUREN.

1. School contracts: POWER OF DIRECTORS TO BIND DISTRICT. The school directors of a district township have no power to bind the district in a contract for the purchase of school apparatus, unless authorized thereto by a vote of the electors.

2. —— RATIFICATION. The directors having no power to make an express contract of the character specified, unless thereto authorized, they could not so act as to raise an implied contract, or ratify the express one by the acceptance, and acquiesence in the use by the schools in the sub-districts, of the apparatus purchased. Following *Taylor* v. *The District Township of Wayne*, 25 Iowa, 448.

*Appeal from General Term Second District (Van Buren County).*

MONDAY, DECEMBER 20.

THE plaintiff claims, in his petition, to recover upon an order drawn by the president and secretary of defendant, upon the treasurer, for $342.10, dated July 7, 1865, and payable on the 10th day of April, 1867, with ten per centum per annum interest, to Andrews & Bigelow or bearer. The order specifies that it is payable out of the contingent fund, and was given for maps, globes and other school apparatus. A *quantum meruit* count of the

petition is based upon an implied contract arising from the receipt and use of the apparatus for which the order was given.

On the 7th day of July, 1865, eight of the directors of the district, signed a contract with Andrews & Bigelow, agreeing to purchase the apparatus, and to allow and audit the bill therefor at the next meeting of the board of directors. The contract also embodied a direction to the president and secretary to issue an order on the treasurer in payment for the apparatus, to become due April 10th, 1867. This contract was not executed by the directors while in session as a board, but was signed by them separately, not in the presence of each other. The order upon the treasurer was given in pursuance of this contract, and is the instrument sued on.

Neither the contract nor the order had previously been authorized, nor subsequently ratified by the board of directors, acting as such; nor had the contract or order been authorized or ratified at any district meeting of the electors; nor had power to make them been delegated to the board by the electors. The maps and apparatus, for which the order was given, were received by the president and distributed to a majority of the sub-districts, and were, to some extent, used in the schools. There was no offer to return them.

The court found the facts substantially as stated above, the trial being to the court without a jury, and thereupon, as conclusions of law, found: 1. That the contract and order were unathorized and void, and defendant is not bound thereby. 2. That they were not ratified by defendant. 3. And that defendant is not liable upon an implied contract, arising from the acts of the sub-districts in receiving, using and retaining the apparatus.

On appeal to the General Term, the judgment of the

District Court was affirmed; from that decision plaintiff brings his appeal to this court.

*J. C. Knapp* for the appellant.

*F. Semple* for the appellee.

BECK, J. — The facts of the case are substantially the same as those of *Taylor* v. *District Township of Wagner*, 25 Iowa, 448. The several points ruled in that case are decisive of like questions arising in this. One point, however, upon which the decision in that case principally turned, was conceded by counsel and is not discussed in the opinion, namely: the board of directors, or the directors acting individually, had no authority to make the contract sued upon. Counsel for plaintiff in this case insists that the power under the law is possessed by the directors. His argument in support of this position is based upon several provisions of chapter 172, of the acts of the 9th General Assembly, providing a system of common schools for the State. We will proceed to notice these provisions. Section 7, paragraph 5, empowers the electors, when assembled in district township meeting, to vote a tax for certain purposes, among others " for the payment of any debts contracted for the erection of school-houses, and for procuring district libraries and apparatus for the schools." This section contemplates that a tax may be levied for the purchase of apparatus. It is not authority for the purchase of apparatus before the tax is voted, thus authorizing the creation of an indebtedness to be paid by a tax afterward to be voted. In the case of the erection of school-houses, it contemplates that there may be an indebtedness incurred for that purpose, but not so in the case of the purchase of school apparatus. It contemplates that contracts may be made by the proper officers for the purchase of apparatus, after a tax has been

*1. SCHOOL CONTRACTS: power of directors to bind district.*

voted for that purpose. This is made plain by section 20, which provides that the directors shall make all contracts, purchases and payments necessary to carry out any vote of the district. We find no provision clothing them with power to make contracts or purchases of school apparatus, otherwise than as is provided in this section. It is obvious, therefore, that no such contract can be made by them unless authorized by a vote of the electors. We have examined the chapter and its admendments carefully, and are of the opinion that in matters of contracts and purchase, of the character of those in question, the directors are empowered by vote of the electors only.

But, it is argued, that payment for the apparatus must be made out of the contingent fund, and this fund, or rather its amount, is fixed by the board of directors, and taxes therefor are levied by the supervisors, upon the determination of the directors being certified to them. Section 30. The inference is, that, as the directors determine the amount of this fund to be raised by taxation, they may create the necessity for the fund, and for a tax to supply it, by expending it, or by contracts to be paid out of it, before it is raised, without the vote of the electors. But this is not admissible. The duty of the directors in this, as in most other matters, is purely of a ministerial character. They are to determine what amount of money is necessary to meet the contracts and expenditures authorized by vote of the electors. Thereupon they estimate the per centum of taxes to be levied for that purpose, and cause the same to be certified to the supervisors. This seems to be all that they are empowered to do under the section above cited.

See the following cases, which have some bearing in support of the views above stated: *Williams et al. v. Peinny et al.*, 25 Iowa, 436; *Taylor v. Dist. Townhip of Otter Creek*, 26 id. 281.

We conclude that the directors had no authority to make the contract sued upon, and that the defendant is not, therefore, bound thereby.

It follows, that if the directors had no authority to make the express written contract, they could not so act as to 2. —— ratifica- raise an implied contract in regard to the tion. same matters, binding upon defendants. This proposition is not debatable. If it is not correct, the directors could do that indirectly which they are not authorized, by the law, to do directly. They could create an indebtedness by their acts, when forbidden to do so by a contract. The District Court, therefore, rightly held that plaintiff could not recover upon the implied contract set up in his petition.

Following *Taylor* v. *Dist. Township of Wayne*, where the doctrine is fully discussed, we hold that the contract was not ratified by the acceptance and use of the apparatus in the schools, acquiescence on the part of the directors and electors, and other acts shown. In order to bind defendant thereby, the ratification should be direct, and by a corporate act of the district township.

The plaintiff is in no better position than the original payee. *Shepherd* v. *Dist. Township of Richland*, 22 Iowa, 595; *Taylor* v. *Dist. Township of Wayne*, 25 id. 448.

This is doubtless a case of hardship; but with this we have nothing to do. We must declare the law as we find it, without regard to the consequences in particular cases.

Affirmed.