## FRIEND A. DEMING *et al.*

*v.*

## JOHN Q. JAMES.

1. INJUNCTION—*when sale of property for taxes will be enjoined.* When the collector of taxes levies upon the property of one for the taxes of another, and the collector is insolvent, and not able to respond in damages, a court of equity will enjoin the sale of such property.

2. TAXES—*agent not liable for tax on property listed by him in the name and on behalf of his principal.* Whilst the statute requires an agent loaning money for others, to list such money for taxation on behalf of the owners, separately from his own, and to specify the names of the persons to whom the money belongs, it does not result that his own property is subject to be seized and sold for the payment of the taxes imposed upon the money thus listed.

APPEAL from the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

Messrs. D. T. & D. S. McINTYRE, for the appellants.

Messrs. FICKLIN & FRYER, and Mr. A. M. PETERSON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The error here assigned is in sustaining a demurrer to a bill to enjoin the sale of certain property for taxes.

The substantial allegations of the bill are, that the complainants, as agents for various non-residents, had loaned for them divers sums of money which they had placed in complainants' hands for that purpose; that the notes for the loans were taken payable to the respective parties who owned the money loaned, and had been returned to the payees; that some time in June, 1871, the assessor of taxes applied to complainants, and required of them a list of all persons for whom money had been loaned by them, and a statement of the amounts of the loans for the parties, respectively; that the assessor assessed and listed for taxation the moneys that had been so loaned against the parties owning the moneys; that they were not listed or assessed to complainants or either of them; that on the 14th of January, 1872, the defendant, the collector of taxes, applied to complainants and demanded of them divers specified sums of money, taxes against the several persons who were the owners of the moneys so loaned, amounting in the aggregate to the sum of $206, which complainants refused to pay; whereupon the defendant levied upon one large iron burglar-proof bank-safe belonging to the complainants, which he was about to remove and expose for sale to satisfy said taxes; that the persons against whom the taxes were assessed had no interest in the safe; that complainants had no property or money of such persons in their hands out of which to pay the taxes, nor had they any authority from them to pay the taxes.

The bill alleges that the complainants are partners, engaged in a general banking business; that the safe was in constant use, and necessary for the carrying on of their business; that the defendant was utterly insolvent, and, on account thereof, any remedy against him for damages would be wholly unavailing.

It seems quite plain that this property was wrongfully seized. It was an attempt to collect the taxes of one person out of another person's property. We know of no warrant for such a proceeding. It is true, the statute requires an agent to list for taxation moneys circumstanced as these were, but he lists it on behalf of others, and he is required to list it separately from his own, and to specify the name of the person to whom the property belongs, and it does not result that his own individual property is subject to be seized and sold for the payment of the taxes imposed upon the property thus listed. Tax-payers find their own taxes a sufficient burthen, without being charged with the payment of the taxes of others.

Under the circumstances of this case, we think a court of equity may well take jurisdiction, notwithstanding its reluctance to entertain bills to restrain the collection of taxes.

It has been held by this court that equity will not interfere to prevent the collection of a tax, for informalities or irregularities, but that it may do so where the tax is unauthorized by law, or where it is assessed upon property not subject to taxation, and, as has been intimated, to prevent irreparable injury. *McBride* v. *The City of Chicago*, 22 Ill. 574; *Chicago, Burlington and Quincy Railroad Co.* v. *Frary*, id. 36; *Vieley* v. *Thompson*, 44 id. 9.

The object here is, not to wholly restrain the collection of a tax, but only to restrain the sale of a particular article of property, on the ground that it is not subject to the payment of the tax. There was no adequate remedy at law.

Replevin would not lie, because of inability to make the oath required by the statute, that the property had not been taken for any tax levied by virtue of any law of this State. Defendant, by the showing of the bill, could not be made to respond in damages. The use of the article of property in question seems to be almost indispensable in the carrying on of complainants' business as bankers. There is a likelihood

of great, if not irreparable injury, unless the relief asked be granted.

We are of opinion the demurrer should have been over-ruled, instead of being sustained.

The decree must be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*