## PRICE *v.* CAVINS, ADM'R, ET AL.

PRACTICE.—*Parties.*—*Waiver.*—Where a judgment creditor of a decedent's estate orally objected to the confirmation of the final report of the administrator thereof, and the parties appearing, the objection was tried without any question as to said creditor being properly a party, and, said proceedings not having been entered by the clerk, at a subsequent term, on complaint filed by said creditor, reciting said proceedings and asking for a *nunc pro tunc* entry thereof, the parties appeared, and such question was not raised ;.
*Held,* that the question could not be first raised on appeal to the Supreme Court.

PARTNERSHIP.—*Decedents' Estates.*—Where, upon the dissolution of a partnership and the settlement of its affairs, one partner pays more than his share of the partnership debts, or pays the other partner a certain sum,. for which the latter agrees to pay the former's share of such debts, which sum the latter converts to his own use, there is created an individual liability in favor of the former against the latter, which upon his death will constitute a proper claim against his estate.

From the Green Circuit Court.

*W. J. Baker* and *L. Shaw,* for appellant.

*H. Burns,* for appellees.

BUSKIRK, C. J.—Aden G. Cavins, administrator *de bonis non* of the estate of Marshall S. Wines, deceased, submitted his final report at the March term, 1874, of the court below, in which, among other things, he alleged that a judgment, which appellant had obtained against said estate grew out of a partnership transaction of the firm of Wines, Price & Wines, and was not to be paid out of the individual estate of the said decedent. The appellant appeared in open court, and orally objected to the confirmation of said report, and further consideration of said objection was continued until the 12th day of said term ; and on said day the parties appeared, and the court heard the evidence and decided that the claim of said appellant did not constitute a valid claim against said estate. The appellant moved for a new trial, which motion was overruled, and a bill of exceptions, embodying the evidence, was filed. By the omission of the clerk, the proceedings had at said term, subsequent to the filing of said report, were not entered of record.

At the June term, 1874, of said court, the appellant brought the present action, caused a *nunc pro tunc* entry to be made, showing what had been done at the March term, and from such order he has appealed to this court.

We are asked by appellees to dismiss this appeal, because the appellant orally objected to the confirmation of the report, and consequently he is not, in a legal sense, a party, and has no right to complain of the ruling of the court. If this objection had been interposed at the proper time, it is quite likely that it would have been sustained by the court below; but the appellees having appeared, and the court having heard the evidence and rendered judgment, the objection cannot be heard for the first time in this court.

Besides, the present action is by a regular complaint, in which all the proceedings had at the March term, 1874, are recited, and the appellees were brought into court by summons. They appeared and failed to raise the objection now insisted on. The objection cannot be now entertained.

The case made was this: Marshall S. Wines, Wesley H. Price, and William Wines were partners. The partnership was dissolved. The firm was in debt. The appellant paid the decedent six hundred dollars, and he agreed, in consideration thereof, to pay appellant's portion of said firm indebtedness, but failed to do so. The appellant and William Wines filed claims against the estate of the decedent growing out of said partnership transactions. There seems to have been a full accounting and settlement of the partnership matters. The judgment, if it may be called such, is very unusual and informal. It recites, that appellant and William Wines had paid large sums, but how much is not stated, of said partnership debts; that other debts remain unpaid, and appellant then agreed in open court to pay certain judgments that are described, and William Wines, in like manner, agreed to pay certain other judgments. It is then provided, that appellant, if he pays such judgments, shall have an allowance against said estate in the sum of four hundred and sixty-one dollars and fifty cents, and William Wines, on like condition, is to have

an allowance of four hundred and thirty-six dollars and fifty cents. Upon the trial of the present action, said judgment was introduced in evidence. The appellant then testified that he had paid to the decedent six hundred dollars, who had agreed to pay appellant's portion of said partnership debts, and had failed to do so.

Upon these facts, it is insisted by counsel for appellees, that the finding and judgment of the court below were correct, because it was not proved that appellant had paid the judgment, which he had agreed to do, and therefore had no valid claim against said estate.

We do not deem it necessary to decide as to the validity of said judgment, or how far the failure of appellant to pay said judgments would affect his rights thereunder. The parol evidence of appellant, which was admitted without question, and which is wholly uncontradicted, shows that he has a claim for contribution against said estate. The appellant having paid the decedent to pay his share of partnership liabilities, and he having converted the same to his own use, created a liability in favor of appellant against the decedent individually. But, independent of such arrangement, the law is well settled, that where one partner pays more than his share of partnership debts, he is entitled to call on the other partners for contribution, where there has been a dissolution of the partnership and a settlement of partnership affairs. *Olleman* v. *Reagan's Adm'r*, 28 Ind. 109; Parsons Partnership, 270, *et seq.* It was upon this point that the decision of the court below was made.

We think the learned judge who presided at the trial erred in his application of the law to the facts proved. For this the judgment must be reversed, and when the cause is remanded the court below can re-examine the claim of appellant, and determine what sum, if any, is due to him from the estate of the decedent.

The judgment is reversed, with costs; and the cause is remanded for a new trial, in accordance with this opinion.

Opinion filed November term, 1874; petition for a rehearing overruled May term, 1875.