THE MONTICELLO BANK v. THE DISTRICT TOWNSHIP OF COFFIN'S GROVE.

1. **School District:** POWER OF BOARD OF DIRECTORS: PURCHASE OF LIGHT-NING-RODS. The board of directors of a district township have no authority, without a vote of the electors, to purchase lightning-rods for school-houses, and give the obligations of the township therefor.

*Appeal from Delaware Circuit Court.*

TUESDAY, JUNE 10.

THIS is an action upon the following order, indorsed to plaintiff without recourse:

"STATE OF IOWA, July 10, 1876.

"The treasurer of district township of Coffin's Grove, in Delaware county, one year after date, will pay N. C. Gillespie, or order, the sum of three hundred and seventy-five dollars, without interest, out of the contingent fund belonging to this district township, for rods on school-houses in sub-districts Nos. 1, 2, 3, 4, 5, 6, 7, 8, in this district township.

"THOS. E. SMITH, President.

"Countersigned by

"$375.00.          R. NORTON, Secretary."

The defendant for answer, among other defenses, alleges that no authority was voted by the electors of the district to the board to purchase or contract for the purchase of the rods for which it is alleged the order was issued, or to levy

any tax or raise any funds for their purchase, and that the electors refused to ratify said purchase. The cause was tried to the court, and judgment was rendered for the defendant. The plaintiff appeals.

*M. W. Herrick* and *A. S. Blair*, for appellant.

*Bronson & Le Roy*, for appellee.

DAY, J.—On the 9th day of July, 1876, a special meeting of the board of directors of the district township was held.

1. SCHOOL district: power of board of directors: purchase of lightning-rods.

One member of the board and the secretary of the board were not notified of this meeting, and were not present. The action of the board is shown by their record to be as follows: "At a special meeting of the board, held July 9, 1876, at the school-house in sub-district No. 3, to consider the propriety of securing the different school-houses in Coffin's Grove township against lightning, it was moved and adopted that the school-houses shall be rodded according to the plan proposed by the North American Lone Star Copper Lightning-Rod Company, and the president and secretary be authorized to draw the warrant to pay for the same, payable one year after date, without interest from date."

At the time this action was taken there were three rods on the buildings, which were sold to the lightning-rod company. The order in question was issued for the balance of the purchase price.

At the first meeting of the electors of the district township, which was held after this order was issued, action was taken which is shown by the record to be as follows: "March 12, 1877, district township of Coffin's Grove convened at the school-house in Masonville and transacted the following business at that time: In the absence of D. Smith, president, H. P. Chapman was elected chairman. It was moved and carried that the board of directors of the district township of Coffin's Grove be instructed not to levy a tax upon the town-

ship for the purpose of paying for rods upon the several school-houses in the township. On motion the following named persons were appointed a committee to investigate the law relative to the action of the board in erecting lightning-rods upon the school-houses in the township: * * * * If they find the action illegal, to obtain an injunction for the purpose, on the treasurer, to restrain him from paying the same."

In *Manning v. District Township of Van Buren*, 28 Iowa, 332, it was held that the school directors of a district township have no power to bind the district in a contract for the purchase of school apparatus, unless authorized thereto by a vote of the electors. This decision was based mainly upon section 20, chapter 173, of the Acts of the Ninth General Assembly (section 1723 of the Code). This section provided that the board of directors shall make all contracts, purchases, payments and sales necessary to carry out a vote of the district.

It was held in the case above cited that there was no provision clothing the board of directors with power to make contracts or purchases of school apparatus otherwise than as provided in this section.

Section 1729 of the Code provides that the board of directors "may use any unappropriated contingent fund in the treasury to purchase records, dictionaries, maps, charts and apparatus for the use of the schools of their districts, but shall contract no debts for this purpose." It is clear that this section does not apply to the purchase of lightning rods. The board of directors have no authority to make such purchase, unless for the purpose of carrying out a vote of the district, as directed in section 1723 of the Code.

AFFIRMED.