M. V. STINGLE, ET AL., Appellants, v. JAMES NEVEL, Respondent.

STATUTES—REPEAL BY IMPLICATION—AMENDMENT.

Subdivision 2, of section 37, chapter 4, of miscellaneous laws, was repealed, by implication, by the act of October 20, 1876, entitled, "An act to provide for the collection of school district taxes."

The act of 1878, entitled, "An act to amend sections 8, 11, 12, 25, 34, 37, 43 and 46 of chapter 4, of the miscellaneous laws of Oregon, pertaining to common schools," did not repeal the act of 1876. The only amendment made by that act to said section 37, was to add subdivision 9 of the amended section.

Where a constitutional provision requires an amendment to be made by publishing the act or section, amended at full length, those portions of the old law copied into the enactment without change, are not reenacted.

APPEAL from Umatilla county.

*Turner & Baily, and Bonham & Ramsey,* for appellants.

*Everts & Walker, and Rufus Mallory,* for respondent.

By the Court, WALDO, J.:

This is a suit brought to enjoin the collection of a school district tax, levied at a school meeting held in district No. 35, of Umatilla county, in April, 1879. The respondent is the school clerk of said district, and has levied upon, and is about to make sale of chattels, the several property of the appellants, to satisfy that proportion of said tax assessed, severally, to the appellants, by virtue of the action of said school meeting. The appellants, among other objections, deny the authority of the directors to issue said warrant to the clerk of the district.

Prior to 1876, the authority of directors of school districts to issue warrants for the collection of school district taxes, was to be found in subdivision 2 of section 37, chapter 4, of miscellaneous laws, page 510, which makes it the duty of directors of school districts "to issue warrants to the clerks,

authorizing them to collect, in the name of the district, and in the same manner as the state and county taxes are collected, all taxes assessed to the inhabitants thereof, and upon the taxable property of all non-residents."

But in 1876, the legislature, by an act entitled "An act to provide for the collection of school district taxes," gave the power to collect such taxes by levy and sale of property to the sheriff of the county. (Session laws of 1876, page 20.) This act, it is claimed, repeals subdivision 2 of section 37, above mentioned, by implication.

That repeals by implication are not prohibited by section 22, article IV., of the constitution of Oregon, has been settled by this court in *Fleischner* v. *Chadwick*, 5 Oregon, 152, and *Grant County* v. *Sels*, Id., 243.

While it is well settled that repeals by implication are not favored, it is also true that the intention of the legislature, limited by the rule that effect can not be given to an intention not expressed, is the pole star in the construction of statutes.    If it be the intention of the legislature to make a statute the sole law which shall govern, it will operate to repeal, by implication, all other acts on the same subject.    "A subsequent statute reviving the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former." (Dewey, J.; *Bartlett* v. *King*, 12 Mass., 537; *Thorp* v. *Schooling*, 7 Nevada, 15; *Johnson's Estate*, 33 Pa. St., 515; *Davis* v. *Fairbanks*, 3 How., 645; authorities cited in note 14, Am. Dec., 209, *Towle* v. *Marrett*.)

It was evidently the intention of the legislature to make the act of 1876 a substitute for all other acts providing for the collection of school district taxes, and it therefore repeals subdivision 2 of section 37, chapter 4, of miscellaneous laws.

This section prescribed the duties of directors of school districts, and, as we have seen, so far as it related to the duty

to issue warrants for the collection of taxes, was amended, by implication, by the act of 1876. But in 1878 the legislature imposed an additional duty upon the directors—that of maintaining high schools in certain districts. This was done by amending, expressly, said section 37. The legislature, in setting forth the section, as amended, republished subdivision 2 precisely as it stood in the original section. The question arises whether such republication is a re-enactment—is one of the *amendments* intended?

In *Ely* v. *Horton*, 15 N. Y., 597, it was held that where a section of a statute "is amended so as to read as follows," and the section is then set forth with the changes to be made, those portions of the old section that are merely copied without change, are not to be considered as repealed and re-enacted, but such portions remain in force from the first enactment. It is the changes, or additions, incorporated into the section amended that are enacted. (*S. P. Moore* v. *Mansert*, 47 N. Y., 337; *People* v. *Supervisors*, 67 N. Y., 109; *Burwell* v. *Tullis*, 12 Minn., 572; *Alexander* v. *State*, 9 Ind., 339.) Such republication is not a re-enactment, and it is more than probable that subdivision 2 found its way into the act of 1878, in the mere act of copying, attending the insertion of subdivision 9 into the section; that the thoughts of the legislature were not turned toward that subdivision with any design to make its insertion into the section as amended an amendment.

If, however, the mere presence of subdivision 2 in the section, as amended, is to be regarded as evidence of an intention to re-enact it, still this evidence is not conclusive, for "a thing which is in the letter of the statute, is not within the statute unless it be within the intention of the makers." (Pot. Dwarris on Stat., 180; 15 John., 353.)

Thus in *Pond* v. *Maddox*, 38 Cal., 574, it was held that where a portion of a statute had been repealed, and the original statute was afterwards amended in other particulars, and the repealed portion retained in the statute as amended, such

retention, under the circumstances, was to be deemed a mere inadvertence.

The intention to re-enact, and thence to *amend*, is, therefore, essential. But before the legislature can be supposed to have intended to re-enact this subdivision, they must be supposed to have known that it had been repealed. This had been done by implication, and involved a question of legal construction not likely to have been decided by the legislature. Add to this the principle that the law rather infers that the legislature did not intend a change in the law where an intention to change is not expressly declared, and it becomes evident, beyond a reasonable doubt, that the legislature had no intention to do anything more than to add subdivision 9 to the section—that subdivision 2 was transferred, as it stood on the printed page of the statute in the original section, into the section that was amended, without any design by that act to make an alteration in the existing law.

In *Blackmore* v. *Dolan*, 50 Ind., 124, the rule is stated that an attempt to amend a section of a statute, that had previously been amended, was void.

The act of 1878 purports to amend an act that had been amended by implication in 1876. Whether the amendment of 1878 comes within the rule of that case is not necessary to consider, since it follows from the views declared that the act of 1876 has not been repealed, and is still the law governing the collection of school district taxes.

The objection that the suit is improperly brought by the plaintiffs jointly, cannot be taken for the first time in this court. Moreover, sections 380 and 381 of the civil code, seem intended to apply to a case of this kind: "All persons having an interest in the subject of the suit, and in obtaining the relief demanded, may be joined as plaintiffs," etc.

The prayer for an injunction should be granted. (*Miller* v. *Gorman*, 38 Pa. St., 309; *Williams* v. *Peinny*, 25 Iowa, 436; 36 Id., 180; see also *Clark* v. *Long*, 21 Minn., 387; *Deming* v. *James*, 72 Ill., 78; *James* v. *Dixon*, 20 Mo., 80.

The judgment of the circuit court must, therefore, be reversed, and the cause remanded with directions to make the preliminary injunction perpetual.

Judgment reversed.