American Ins. Co. v. District Tp. of Willow.

REVERSED.

---

AMERICAN INS. CO. v. DISTRICT TP. OF WILLOW ET AL.

1. School Districts: POWERS OF DIRECTORS: INSURANCE OF SCHOOL-HOUSES.   Neither the board of directors of a district township, nor the director of a sub-district, has the power to bind the district by a contract for the insurance of a school-house, without being authorized by a vote of the electors of the district.

*Appeal from Cherokee Circuit Court.*

WEDNESDAY, APRIL 6.

THIS action is brought upon a note for the sum of $36.90, executed by the president and secretary of the district township of Willow, and the subdirector of subdistrict number

4, in said district township, for a policy of insurance issued by plaintiff upon a school-house and furniture therein, in said subdistrict. The defendants answered, alleging that no authority was voted by the electors of said district township, or of said subdistrict, to the board of directors, or said sub-director, to insure the school-house, and that no tax was voted to procure insurance or pay the note in question.

The plaintiff demurred to the answer. The demurrer was overruled. The plaintiff elected to stand upon the demurrer, and judgment was rendered in favor of the defendants for costs. The plaintiff appeals.

*Kellogg & Herrick*, for the appellant.

*J. D. Smith*, for district township of Willow, appellee.

*Eugene Cowles*, for district township of Grand Meadow, appellee.

DAY, J.—The amount in controversy being less than one hundred dollars, the trial judge certified the questions involved, upon which it is desirable to have our opinion, as follows:

*First.* Whether a board of directors of a district township have power and authority to procure the school-houses

1. SCHOOL dis-tricts: powers of directors: insurance of school-houses.

and school furniture therein of the district township to be insured, and give a valid written obligation, such as is set out in plaintiff's petition, for the premium for such insurance, that shall be binding on such district township, without a vote of the electors authorizing or ratifying the same.

*Second.* Whether a subdirector of a district township has power and authority to procure the school-house, and school furniture therein, of his subdistrict, to be insured and give a written obligation, such as is set out in the plaintiff's petition, for the premium for such insurance, which shall be binding on the district township and for the performance

of which, on the part of the district township, the board of directors in their corporate capacity shall be responsible, without a vote of the electors authorizing or ratifying the same."

I.   Section 1723 of the Code provides that the board of directors of a district township "shall make all contracts, purchases, payments and sales necessary to carry out any vote of the district." We find no authority anywhere in the statute conferred upon the board of directors to enter into a contract of insurance on behalf of the district township. In *Manning v. The District Township of Van Buren*, 28 Iowa, 332, it was held that the board of directors of a district township have no power to bind the district in a contract for the purchase of school apparatus, unless authorized thereto by a vote of the electors. In the *Monticello Bank v. the District Township of Coffin's Grove*, 51 Iowa, 350, it was held that the board of directors of a district township have no authority, without a vote of the electors, to purchase lightning-rods for school-houses, and give the obligations of the township therefor. These cases are in principle applicable to the present case, and require that a negative answer shall be given to the first question certified by the court. In fact, we do not understand from the argument of appellant's counsel that they really claim that the power to make the contract in question resides in the board of directors of the district township.

II.   The point upon which appellant's counsel really insist is that the subdirector has authority to make a contract, which shall bind the district township, for the insurance of a school-house in his subdistrict. Appellant's counsel rely upon section 1753 of the Code, which is as follows: "The subdirector, under such rules and instructions as the board of directors may prescribe, shall negotiate and make in his subdistrict all necessary contracts for providing fuel for schools, employing teachers, repairing and furnishing school-houses, and for making all other provisions necessary for the convenience and prosperity of the schools within his sub-

district, and he shall have the control and management of the school-house unless otherwise ordered by a vote of the district township meeting. All contracts made in conformity with the provisions of this section shall be approved by the president, and reported to the board of directors, and said board, in their corporate capacity, shall be responsible for the performance of the same, on the part of the district township."

The particular portion of this section upon which appellant's counsel rely is that which gives the subdirector control and management of the school-house. This provision authorizes the subdirector to carry the key, keep the door locked and the shutters closed, provide for the cleanliness of the building, and matters of like character. It would be an unwarranted extension of this language to hold that it empowered the subdirector to bind the district township by his contract of insurance of the school-house. We feel constrained to hold that the second question certified to us for determination must also be answered in the negative.

AFFIRMED.