## JONES v. TIFFIN, Treasurer.

1. Taxes: VALUATION: POWER OF CLERK TO CHANGE. The clerk of the board of Supervisors cannot, under section 747 of the Revision, increase the assessment of property, the valuation upon which he thinks too low, when it is not shown that such valuation was the result of a mistake or error or that it was not proportionate to that put upon other property.

2. —— RATIFICATION BY BOARD OF SUPERVISORS. Nor would the act of the clerk in such case be validated by the fact that it was ratified by the board of supervisors.

### *Appeal from Polk District Court.*

#### WEDNESDAY, APRIL 8.

THIS is a suit in chancery. Plaintiff avers in his petition that he has been, since the year 1865, the owner of a certain house and lot in East Des Moines, Polk county, duly assessed for that year at $2,500, which was a fair and reasonable valuation, and was so passed upon and approved by the supervisors acting as a board of equalization for said year of 1865. That, in pursuance of law, the assessment and valuation of real estate of the county for 1865, were copied upon the tax books of 1866, and no new assessment, valuation or equalization was made for that year. That the clerk of the board of supervisors, after the tax books were made out for 1866, changed the valuation of said property from $2,500 to $10,000, thus increasing plaintiff's tax from $87.12 to $345. That the defendant is the treasurer of the county, and claims the said sum of $345 with interest, as the lawful tax due on said property, and will sell the same for said tax unless restrained.

That plaintiff has tendered to defendant, in payment of the tax on said property, a sum equal to the lawful tax thereon at a valuation of $2,500, the receipt of which

was refused.  A preliminary injunction was allowed upon this petition.

Defendant, answering, admits the material allegations of the petition, except that he denies that the valuation of $2,500 upon the property was fair and reasonable, and states that the change in the same was made by the clerk, when he prepared the duplicate tax book for 1866.  The answer avers that the board of supervisors approved the act of the clerk, in changing the valuation, in their action upon an application of plaintiff to them to correct said valuation so made by the clerk, which was refused.  To this answer plaintiff demurred; the demurrer was sustained; defendant rested upon his answer, and a decree was accordingly entered, making the preliminary injunction perpetual.  Defendant appeals.

*Thomas S. Wright* for the appellant.

*C. C. Nourse* for the appellee.

BECK, J. — It is claimed, that, under section 747 of the Revision, the clerk of the board of supervisors may correct any mistakes or errors in the valuation of property in the assessment or tax books at any time he may discover them.

1. TAXES: valuation: power of clerk to change.

Section 752, and other provisions of the Revision, are referred to as sustaining this position.  Without deciding this point (which, to the writer of this opinion, seems to be not without some force), we are united in holding that the demurrer was properly sustained.

The answer does not aver that there was any error or mistake in the valuation of the property which would authorize the clerk to act in order to correct it.  It is averred that the valuation was not fair or reasonable, or rather the averment to that effect in the petition is

denied; but it is not shown that it was the result of a mistake or error. It may be that the valuation of each and every town lot and tract of land in Polk county, for that year, was not " fair and reasonable " considered as to their actual value. It is not averred or shown, that the $2,500 was not, in comparison with other tracts of land, fair or reasonable, and that the change of the valuation was made in order to equalize the same with the assessment of other property, and thus to do justice.

Inasmuch as defendant justifies the act of the clerk, as being under authority claimed to be conferred upon him by law to correct errors and mistakes, he ought clearly to show that there was actually an error or mistake upon which he could exercise his power. This is not done in the answer.

The board of supervisors, under the power conferred on them to equalize the assessment, may have authority

2. —— ratifica-   to adopt the act of the clerk after he has dis-
tion by board
of supervisors.   charged this duty for them (but this point we do not decide, stating it only *arguendo*); yet, from all that appears in the answer, they did not do so, for it is not shown that the act of the clerk was done for the purpose of equalizing the valuation of the property, or that, in fact, the valuation was not equal to that of other property of the county.

The decree of the District Court making the preliminary injunction perpetual is

Affirmed.