Conway v. Younkin.

---

CONWAY v. YOUNKIN, Treasurer.

1. TAXES: CORRECTION OF ASSESSMENT. The omission of the assessor to insert the name of a person whom he intended to assess jointly with another, as the owners of the property assessed, is an error that may properly be corrected by the clerk of the board of supervisors, under section 747 of the Revision.

2. —— TECHNICAL ERRORS: EQUITY. Equity will not interfere to prevent the collection of a tax authorized by law, and to which the property is justly liable, on account of mere irregularities.

*Appeal from General Term, Eighth District (Johnson County).*

THURSDAY, DECEMBER 9.

EQUITABLE proceeding to enjoin the collection of taxes for the year 1865, levied upon plaintiff's personal property. The District Court decreed the relief prayed for in the petition; this judgment was reversed in the General Term, and plaintiff appeals to this court. The facts appear in the opinion.

*Clark & Haddock* for the appellant.

*Gaston & Williams* for the appellee.

BECK, J.  The petition alleges, as grounds of relief, that plaintiff's husband, William Conway, being, with plaintiff, a resident of Johnson county, was assessed for the year 1865 in the sum of $996 upon personal property, and $20,000 upon moneys and credits; that said assessment was erroneous because said William had no such amounts of property and money subject to taxation; that after the return of the assessment roll by the assessor, plaintiff's name was added to that of her husband by the clerk of the board of supervisors, so that said assessment stands against both jointly; that at the time her name was added to the roll she was a non-resident of the State, having, prior to that time, but subsequent to the assessment of her husband, removed to Pennsylvania.  There is no direct averment that, at the time of the assessment of her husband, she was not possessed of property and money and credits to the amount assessed against him.  She makes the general averment "that she had no personal property, moneys or credits *subject to taxation*."  A paragraph of the petition is devoted to a statement of her property, but it is quite unintelligible.  It may be safely said, that she does not explicitly deny that she was the owner of property and moneys and credits to the amount assessed to her husband.

The petition is not sworn to.  The answer puts in issue the material allegations of the petition.

We find, from the evidence, that the assessment was originally made to the husband and sworn to by him; that the plaintiff was present during a part of the time it was being made and conversation was had in regard to it. The plaintiff's name was added to the roll by the clerk of the board of supervisors.  The assessor understood and believed that the property assessed belonged to plaintiff, and intended to add her name with her husband's, and assess them jointly as the owners of the property.  This

*Margin note:* 1. TAXES: correction of assessment.

he omitted or neglected to do. After the return of the roll, he informed the clerk of these facts, who, thereupon, joined plaintiff's name with that of her husband upon the roll. Neither plaintiff nor her husband testify as witnesses in the case.

The omission or neglect of the assessor, after determining that the property belonged to plaintiff, to write her name with that of her husband, or to assess the property to her alone, was an error that was properly corrected under section 747 of the Revision, in the manner the correction was made by the clerk. *Jones* v. *Tiffin*, 24 Iowa, 190, is not in conflict with this view. In that case it was not shown that there was, in fact, an error in the assessment which was corrected.

It is held that equity will not interpose to prevent the collection of a tax on account of mere irregularities. If

2. ——techni-cal errors: equity. the tax is not authorized by law, or is imposed upon property exempt therefrom, or is corruptly or fraudulently assessed, equity will relieve. *Cook Co.* v. *C. B. & Q. R. R. Co.*, 35 Ill. 460; *Veeley* v. *Thompson et al.*, 44 id. 9.

In the case before us, it is not pretended that the tax was fraudulently or corruptly assessed, at least the evidence does not sustain such objection. The tax was authorized by law, and we are of the opinion that it is made to appear that plaintiff actually owned the property assessed to her, and that it was subject to the assessment. The correction of the roll by the addition of plaintiff's name was, at most, a mere irregularity, and, according to the authorities above cited, is no ground for the relief sought by plaintiff in this action.

The plaintiff does not establish, either by her own oath or other evidence, that the property assessed to her was not lawfully taxable, or that she, in fact, did not own such property. Her objection to the manner of the assess-

ment is based upon irregularities purely technical in their character. She cannot, in a court of equity, escape the burden of taxation, which she should justly bear, upon such grounds. To entitle her to the relief she asks, she should make it clearly appear, that, in equity, she ought not to be required to pay the taxes from which she asks to be relieved. *Warden et al.* v. *Supervisors,* 14 Wis. 618; *Miltimore* v. *Supervisors,* 15 id. 9; *Bond* v. *City of Kenosha,* 17 id. 284.

The plaintiff insists that it does not appear that the record contains all the evidence used upon the trial. We think the certificate of the clerk is sufficiently explicit upon this point to authorize us to conclude that all the evidence is before us.

The judgment of the General Term is

Affirmed.