ROOD V. THE BOARD OF SUPERVISORS OF MITCHELL CO. ET AL.

1. **Taxation**: POWERS OF BOARD OF SUPERVISORS. Sec. 739 of the Revision is repealed by implication by Chapter 89, Laws of the Thirteenth General Assembly, and the Board of Supervisors has no authority to increase the assessment of property. Taxes levied under a valuation thus increased are not simply irregular, but illegal.

2. ———: ILLEGAL TAX: INJUNCTION. If a tax is illegal, and not merely irregular, its collection may be restrained by injunction.

*Appeal from Mitchell Circuit Court.*

· FRIDAY, SEPTEMBER 25.

ON the 22d day of January, 1874, plaintiff filed his petition in equity, stating that he is the owner of a certain eighty acres of land in Lincoln township, Mitchell county, and that it was duly assessed by the assessor in Lincoln township for the year 1873, and that the valuation was approved by the township board of equalization of said township at their regular meeting for the year 1873.

That about the 7th day of June, 1873, the Board of Supervisors of Mitchell county, being in regular session for the transaction of business, and sitting as a board of equalization for the several townships of Mitchell county, and the assessor's books of Lincoln township having come into their possession during or prior to the June session of said board, believing or pretending to believe that said lands heretofore referred to were not sufficiently assessed, took the assessor's books for said Lincoln township and erased the assessment as made by the assessor of Lincoln township, and which had been approved, and made a new and original assessment of said land, whereby they changed the rate of assessment from ten to fifteen dollars per acre.

That the Board of Supervisors ordered the clerk of said board to disregard wholly the assessment as made by· the assessor of said township, and to compute the taxes on said lands according to the assessment as made by the Board of Supervisors, and to certify up to the treasurer of said county

for collection the taxes thus found to be due and levied on said land.

That the taxes were thus computed and levied, and are now spread upon the books in the treasurer's office, and are a lien on plaintiff's lands. That the plaintiff did not, by verbal or written petition, ask the said board to take action in the matter, but that their action was wholly voluntary and gratuitous.

That the assessment, levy and taxes, as they now stand upon the treasurer's books, are without authority of law, illegal and oppressive, conceived through a mistake of law, and enforced in disregard of individual rights.

That at the January session of the Board of Supervisors for the year 1874, plaintiff filed his written petition before said board, asking relief from said assessment, and the board disallowed the petition, and denied to plaintiff any relief.

That unless the court enjoins the defendant from collecting the taxes so levied, the lands of plaintiff are liable to be sold for said illegal taxes, and great loss and injury will be sustained by plaintiff.

Plaintiff asks that a decree be entered annulling and destroying the assessment made by the board on said lands, at the said June session, and declaring all levy of taxes and amount of said taxes which have accrued as the result of said levy, to be without authority of law, and null and void, and, also, that an injunction issue enjoining said defendant from collecting said taxes.

To this petition a general demurrer was sustained. Plaintiff appeals.

*N. L. Rood*, for appellant.

*M. M. Browne*, for appellee.

DAY, J.—The Board of Supervisors had no authority to increase the assessment of plaintiff's property. Section 739 of the Revision conferred upon the Board of Supervisors of each county authority to equalize the assessments of the several persons and townships of the county. Chapter 89, Laws Thirteenth General

1. TAXATION: powers of board of supervisors.

Assembly, constituted the township trustees of each township a board of equalization of assessments of their respective townships. Although this act contains no repealing clause, yet the exercise of the powers which it confers is inconsistent with the authority of the Board of Supervisors to exercise the same powers, and the later statute, inconsistent with the former, must be held to repeal it by implication.

As the Board of Supervisors had no authority to increase the assessment, the taxes levied upon such enhanced valuation are not simply irregular, but illegal. Assessment, by competent authority, is essential to the validity of a tax. *Bailey v. Fisher*, 38 Iowa, 229.

In many states it has been held that a court of equity will not interpose, by injunction, to restrain the enforcement of a tax, but that the party will be remitted to the usual remedies at law.

In this state, however, it has uniformly been held that if the tax is illegal, and not merely irregular, its enforce-

2. ——: ille-  ment will be restrained by injunction. See *Spen-*
gal tax: in-
junction.    *cer v. Wheaton*, 14, Iowa, 38; *Chamberlain v. The City of Burlington*, 19 Iowa, 395; *Macklot v. City of Davenport*, 17 Iowa, 379; *Litchfield v. The County of Polk*, 18 Iowa, 70; *Olmstead v. The Board of Supervisors of Henry County*, 24 Iowa, 33; *Williams v. Peinny*, 25 Iowa, 436; *Zorger v. Tp. of Rapids*, 36 Iowa, 175.

It is objected that the petition is insufficient in that it does not state that plaintiff will suffer irreparable injury, if the injunction is not granted. The petition does state, however, facts from which this injury may be inferred, to-wit, that he is the owner of real estate upon which these taxes are a lien, and that they are liable to sale for satisfaction of the same.

The collection of the tax, in so far as it is dependent upon the increased assessment, under the facts alleged in the petition, it seems to us, should be restrained by injunction. The demurrer was improperly sustained.

REVERSED.