## APPANOOSE COUNTY v. VERMILION ET AL., EX'RS.

1. **Taxation**: AVIODANCE OF BY CONCEALMENT OF PROPERTY: ACTION BY COUNTY. Where a tax-payer fraudulently conceals a large portion of his property from the assessor, and thus avoids paying taxes upon it, the county cannot maintain an action against him, or his estate, to recover the amount of tax which ought to have been paid on the concealed property.

*Appeal from Appanoose Circuit Court.*

THURSDAY, DECEMBER 16.

THE plaintiff seeks to recover of the defendants, who are

executors of the last will and testament of B. Bowen, deceased, a judgment in damages, upon the ground that the deceased, in his life-time, fraudulently concealed a large amount of his money and credits from the assessor for taxation, by reason of which fraudulent concealment the decedent avoided and escaped the payment of a large amount of taxes which he ought to have paid. A demurrer to the petition was sustained. Plaintiff appeals.

*Geo. D. Porter*, for appellant.

*Vermilion & Evans*, for appellee.

ROTHROCK, J.—In the case of *Worthington v. Whitman*, 67 Iowa, 190, the plaintiff, who was a county treasurer, sought to recover of the executor of an estate an amount of money which it was alleged the deceased should have paid as taxes, but did not pay, because no assessment nor levy of any tax was made upon the property of the deceased. We held that no recovery could be had, because the taxing power can be exercised only in accordance with the forms of law. It is said in that case "that the assessment or recorded valuation of property by the officer or officers having power to make such assessment or recorded valuation is an indispensable step in the exercise of the taxing power. Such recorded valuation constitutes the basis of the levy, and without it there cannot properly be a levy."

In the case at bar, it is alleged that the deceased was assessed for taxation, but that, by reason of the fraudulent concealment of his property, his assessment was not large enough. In other words, the county seeks to recover damages from his estate because his property was not all assessed for taxation. It is not a suit to recover a tax, because the amount claimed was never levied as a tax. It is in the nature of an action by the county for an alleged fraud upon the revenue laws of the state. We think it cannot be maintained. Taxes are exactions made by the state upon

the property of the people for the support of the government. Without express legislative enactment or constitutional provision, the property of the people cannot be subjected to taxation. The laws of this state provide in detail the manner in which the necessary public revenue shall be obtained from the owners of property in the state. The listing and valuation of the property is required to be made by an assessor, and township, county and state boards of equalization are required to review and increase or decrease valuations of property; and full provision is made for the taxation of such property as, by mistake, is omitted from the original assessment. The township assessor is required to list every person in his township, and assess all the taxable property; and a penalty of $100 is imposed upon any person who shall refuse to assist the assessor in making out a list of his property, or refuse to make oath that he has given in a full inventory of all taxable property owned by him; and, for refusal to make the oath any property omitted shall be doubly assessed. Code, §§ 823, 824. These, and the provisions of law authorizing the township board of equalization to increase the assessment, together with the penalty for perjury for taking a false oath, have been deemed by the law-making power to be sufficient to equalize the public burden of taxation among the owners of property in this state; and when the tax is levied it is in the nature of a judgment against the property owner, and may be collected, in a summary manner, by distress and sale of the property of the tax-payer. This judgment, so to speak, is conclusive upon the tax-payer. He cannot pay his tax, and recover it back upon the alleged ground that his property was fraudulently and corruptly assessed at too great a value; and the county ought not to be allowed to collect the tax imposed upon the property of a citizen, and afterwards recover damages against him for an alleged fraud upon the taxing power. The state has provided all the machinery for raising the public revenue, including the officers and tribunals for the

determination of all questions as to the amount which each tax-payer shall contribute for public purposes, and that determination ought to be conclusive.

AFFIRMED.