## H. A. Darner v. Daniel Daggett.

Filed May 19, 1898.    No. 8072.

Sales: False Representations: Character of Goods: Evidence: Instructions: Review. In an action for damages because of false representations made by the vendor as to the correctness of an invoice of the goods sold, *held* there was no prejudicial error in permitting a witness to testify that certain goods were old, when that fact was important in determining their real value tested by the invoice, and that this was especially the case in view of the fact that the court afterwards instructed the jury that it should not take such evidence into account as furnishing a basis for recovery because of the quality of the goods in question being defective.

Error from the district court of Dawson county. Tried below before Holcomb, J. *Affirmed.*

*C. W. McNamar* and *G. W. Fox,* for plaintiff in error.

*E. A. Cook, contra.*

Ryan, C.

In this case there has already been prosecuted proceedings in error in this court for the reversal of a judgment rendered by the district court of Dawson county. (*Darner v. Daggett,* 35 Neb. 695.) There was a reversal of said judgment, because there had been admitted in evidence a statement of a witness as to his estimate of the difference in value of the goods in the condition they were in as compared with what they would have been worth had they been as represented. This ruling was because of the fact that in the petition no claim had been made for damages, because of a misrepresentation by the vendor of the quality of his goods. The gist of the action, it was held, was for the recovery of damages from defendant for falsely representing that the invoice, on the faith of which plaintiff purchased the stock of goods, was based upon the Chicago market, and errors in the footings of said invoice, and a shortage of the goods,

tested by the invoice.   The cause was remanded for a
new trial, which was duly had, resulting in a judgment
for plaintiff in the aforesaid district court.

The petition in error of the judgment defendant con-
tains an assignment that the verdict was not sustained
by the evidence, but we shall not enter into a detailed
statement for the purpose of showing that this conten-
tion is unfounded.   The errors urged with reference to
the introduction of evidence proceed upon the assump-
tion that there were the same errors which caused the
reversal of the first judgment.   In this view we cannot
concur.   It is true the district court refused to strike out
statements of witnesses as to the goods being old or new,
and it may be admitted that, over objections, testimony
of that character was permitted to go to the jury.   But
it was in evidence, likewise, that there was a difference
in the invoice price of such goods dependent upon when
they had been manufactured.   For instance, one witness
said of certain stoves that they were in use when he was
a small boy, and that he had never seen any of that kind
in stock or in use since he was a boy.   When there was
an attempt to show that these stoves were old, unserv-
iceable, broken, rusty, and unsalable, the offer was re-
jected.   There was no proof of damages because of de-
fects of the character above indicated, and that there
might be no misapprehension the following instruction
was given to the jury:

"8. There are no allegations in the petition that the
goods in controversy were of an inferior quality or char-
acter than as represented and you will disregard any
evidence bearing on that matter."

It is insisted that there was error in certain instruc-
tions, but the argument on that head is met by the above
discussion of the evidence as to which objections were
urged.   In addition to these criticisms of the instructions
it is objected that by one of them the jury was told to
consider all of the evidence, and that this instruction
justified the consideration of that which should not have

been taken into account. If there was error in this instruction it could not be considered, for no exception was taken to the giving of it. The judgment of the district court is

AFFIRMED.