Chicago, Milwaukee & St. Paul Railway Company; Iowa Central Railway Company; and Mason City & Fort Dodge Railroad Company v. Lambert W. Phillips, County Treasurer of Cerro Gordo County; Mike Ford; R. C. De La Hunt and City of Mason City, Appellants.

| 111 | 377 |
| 126 | 210 |
| 111 | 377 |
| 127 | 471 |
| 111 | 377 |
| 131 | 609 |
| 111 | 377 |
| 133 | 601 |
| 133 | 604 |
| 111 | 377 |
| 134 | 530 |
| 111 | 377 |
| 138 | 85 |
| 138 | 259 |
| 138 | 587 |

**Public Improvement:** WHEN TAX FOR LEGAL: *Benefits of tax.* Where a city is authorized to make an improvement in a certain district, and assess the cost on all real estate within the district, the fact that the improvement will not be of any benefit to an individual owner of real estate in such district is no reason why the tax should not be enforced as to him.

**Assessment of Railroads:** CONSTRUCTION OF SEWER. Laws Twenty-fifth General Assembly, chapter 7, section 11, authorizes cities divided into sewer districts to construct sewers, and levy the entire cost thereof on all the taxable property within such district. Mason City ordinance, No. 77, section 5, provides that the cost of constructing any sewer in any sewer district shall be a charge on all real estate. McClain's Code, sections 2016, 2019, provides for a valuation of the property of railways, for the purposes of taxation, by the executive council of state, based on the aggregate value of their entire right of way and real estate used for depot purposes, and all personal property used in operating the road, in improving the rolling stock, and for the transmitting to the auditor of each county through which the road runs of a statement of the pro rata distribution on the basis of the number of miles in such county of the assessed value of the whole property. No means are provided for a separate valuation of the real and personal property of a railroad. *Held,* an assessment of property of a railroad to pay for the

construction of a sewer in a sewer district of the city of Mason City, based on the valuations made by the executive council of state, is void, as being in part a tax on personal property for the .construction of the sewer.

**Injunction Against Tax for Improvements:** CONTRACTOR NOT NECESSARY PARTY. In·an action by a tax payer to enjoin the collection of a tax assessed for special improvement, on the ground that it is unlawful as to him, the contractors who are to perform the work are not necessarily parties to the action.

APPEAL FROM ASSESSMENT: *Not only remedy.* Equity will enjoin the collection of a void local assessment, and taxpayers are not relegated to an appeal from the assessment.

**Pleading:** DENIAL OF INSUFFICIENT ALLEGATIONS. Where, in an action by a taxpayer to enjoin the enforcement of a local assessment, he alleges facts which, if true, do not entitle him to relief. a denial of such facts in the answer will be treated as surplusage.

*Appeal from Cerro Gordo District Court.*—Hon. J. C. Sherwin, Judge.

MONDAY, MAY 14, 1900.

THE plaintiffs pray that a certain sewer tax levied by the defendant city upon certain properties of the plaintiffs be decreed to be unlawful and void, and that the defendant county treasurer be perpetually enjoined from attempting to collect the same. The defendants Ford and De La Hunt made default, and the other defendants answered as will hereafter appear. Plaintiffs moved for judgment on the pleadings, which motion was sustained, and judgment and decree rendered as prayed, from which the answering defendants appeal.—*Affirmed.*

*Richard Wilber* for appellants.

*Blythe, Markley & Smith* for appellees.

GIVEN, J.—I. The pleadings show, in substance, as follows: It appears from the petition that the defendant city is divided into two taxing sewer districts, one of which

is known as the "Willow Creek Sewer District;" that in 1896 the plaintiffs each owned and operated a steam railway extending through or into said district and to other towns in the state. On August 6, 1896, the city, by resolution, in pursuance of an ordinance, authorized the construction of a sewer in said district; "the cost of building the same to be paid by proceeds of a sewer tax to be levied on all the real estate in the district according to its valuation. The sewer was located, and a contract made with the defendants Ford and De La Hunt for its construction. On July 30, 1897, the city council passed a resolution "that a special tax of five cents on the dollar of the assessed valuation be levied on each lot or parcel of ground within the district for the purposes of defraying the expenses of said sewer, and that the clerk prepare an assessment list of each lot or parcel of ground, and the amount assessed against each.". The clerk prepared and certified to the county auditor such a list, which included the real estate of the plaintiffs used in the operation of their respective roads within said district. The tax so certified was placed upon the books, and passed to the defendant treasurer for collection with the taxes of 1897, and he was proceeding to collect the same. Plaintiffs allege that neither of them was a resident of, or kept its principal place of business in, said district, and had no property therein, except what was exclusively used in the operation of their several railways; that in said years the executive council of the state assessed all the property of each plaintiff as a unit, composed of real, personal, tangible, and intangible property, without distinction, according to value, and inseparably; that said tax so certified was arrived at by estimating the supposed length of track of each of said railroads in said district, and computing the value thereof according to the estimation made by the executive council, thus including the personal property of the plaintiffs in the levy, while only the real estate of other owners was so included. They allege that said sewer is of no value to them, and

that the board of supervisors of said county did not in either of said years make to be entered of record any order declaring the length of track or assessed value of any railway line within the said district. The answer, as set out, is as follows: "Denying that said sewer is not or will not be of any special benefit to plaintiffs, but alleges that they will have the same privileges of connection therewith as other taxpayers; admit that the board of supervisors did not in either of the years 1896 or 1897 make an order of record stating and declaring the length of the main track and assessed valuation of either of said railways in said Willow Creek sewer district, as provided by section 2020 of McClain's Code, but deny that the length of main track and assessed valuation of said railways were not stated or determined, and allege that the exact length of track of each of said railways and their assessed valuation within said sewer district was ascertained by the council of said city at the time said taxes were levied; and said taxes are the same, and no more, than if said matters had been determined by the board of supervisors."

II.   The defendants Ford and De La Hunt are not necessary parties to this action or appeal, and, not having appeared, will not be further noticed. Appellants insist that the plaintiffs have an adequate remedy at law, "by appeal from the assessment," and are, therefore, not entitled to be heard in equity. If the tax is void, as claimed by the plaintiffs, equity will grant relief. *Standard Coal Co. v. Independent Dist. of Angus,* 73 Iowa, 304; *Brandirff v. Harrison County,* 50 Iowa, 165; *Cattell v. Lowry,* 45 Iowa, 478; *Rood v. Board,* 39 Iowa, 444; *Macklot v. City of Davenport,* 17 Iowa, 379. Whether this tax is void or not is the question involved in the case, and whether relief may be granted in equity depends upon our conclusion on this question. Appellants also insist that plaintiffs are not entitled to relief, for the reason that they do not offer to pay the part of the tax that is legal. Plain-

tiffs are before us averring that no part of the tax is legal, and that it is void in toto, and, if this be true there is nothing legally due from them.

III. We now look to the pleadings to see whether it appears therefrom that this tax is illegal and void. The answer joins but one issue. It denies the allegation that the sewer is of no special benefit to any of the plaintiffs. While the right to levy is limited to real estate within the district, upon the general theory that such property only will be benefited, individual levies are not dependent upon benefits, but upon whether the property assessed is within the district, and of the class authorized to be assessed. This allegation in the petition presents no ground for relief, and therefore the denial must be treated as surplusage, and, thus viewed, the petition stands as confessed.

IV. The proceedings under consideration were had under the law as it stood prior to the present Code, and it is to those statutes alone that we will refer. In ordering and constructing the sewer and in levying this tax the city proceeded under authority of chapter 7, Laws Twenty-fifth General Assembly, section 11 of which provides, in cases like this, "that said city shall have the power to levy the entire cost of such sewer, required to be paid by such sewer district at once, upon all the taxable real property within such district." Section 5 of Ordinance No. 77 of the defendant city provides that the cost of constructing any sewer therein "shall be a charge upon all real property according to its valuation in said sewer district, as provided by law." The resolution levying this tax provided that it be "levied on each lot, part of lot, or parcel of ground within the said Willow Creek sewer district," and instructed the clerk to make out and prepare an assessment list of "each parcel of ground in said district." Nothing further is required to show that only real estate was subject to this tax. Sections 2016 to 2019, inclusive, of McClain's Code

provided for an annual statement, signed and sworn to, from each railway company operating a road in this state, showing the number of miles owned, operated, or leased; the value per mile; the number and value of engines, cars, and property used in operating or repairing the road; the amount of rolling stock and gross earnings in this state; and such other information as the executive council might require. They also provide for the assessment of all the property of each railway corporation in this state "excepting the lands, lots, and other real estate belonging thereto not used in the operation of any railway" by the executive council of the state. Section 2018 provides that: "The said property shall be valued at its true cash value, and such assessment shall be made upon the entire railway within the state, and shall include the right of way, roadbed, tracks, culverts, rolling stock, depots, station grounds, shops, buildings, gravel beds and all other property, real and personal, exclusively used in the operation of such railway. In assessing said railway and its equipment said council shall take into consideration the gross earnings per mile for the year ending January 1st, preceding, and all other matters necessary to enable said council to make a just and equitable assessment of said railway property." Provision was made for transmitting "to the county auditor of the county through which any railway may run, a statement showing the length of the main track of such railway within the county, and the assessed value per mile of the same as fixed by a pro rata distribution per mile of the assessed value of the whole property named in the preceding section." We have stated sufficiently the provisions of these sections to show that the assessments made by the executive council included personal as well as real property. The value of the personal property of such corporations forms an important factor in estimating the value of their property used in the operation of the road, and in many instances largely exceeds the value of the real estate so used. The tax in question was levied

upon the valuations of plaintiffs' property assessed by the
executive council, and is, therefore, in part, a tax on personal
property to pay for the construction of a sewer, and to that
extent is unquestionably illegal and void, as only real estate
may be taxed for that purpose. There is no provision in the
law requiring separate valuations of real and personal prop-
erty of railway corporations by the council, and no means
provided by which the valuation made by the executive coun-
cil may be separated, and the value of either class ascer-
tained. This may be an unintentional omission in the law,
but it is certainly true that no basis is provided for assessing
railway companies on their real estate used in the operation
of their roads apart from their personal property. The omis-
sion may have been intentional upon the theory that such
property of railway companies would not be benefited by the
improvement, or not benefited to the extent that other real
estate in the district would be benefited. Whatever the reason
may be, the fact is that no means are provided for ascertain-
ing the value of real estate used in the operation of railroads
for the purposes of taxation separate from their personal
property. Much is said in argument about equality in taxa-
tion, and many authorities are cited. In forming statutes
authorizing taxation, the nearest attainable equality is always
sought for, but the statute stands as the measure of equality,
and, though formed with the utmost care, inequalities are un-
avoidable. If plaintiffs are taxed upon the assessment made
by the executive council, then they are taxed on personal prop-
erty to pay for the sewer, while only real estate may be taxed
for that purpose, and they are taxed on their personal prop-
erty while other owners are only taxed upon real estate. If
this tax is held void, the real estate of the plaintiffs within
the district used in the operation of their roads escapes taxa-
tion in aid of the construction of this sewer, but, as already
stated, such a difference may have been intended. It has
been uniformly held that there can be no taxation except as
authorized by statute or constitutional provision, and that the

taxing power can be exercised only in accordance with the forms of law. In *Tallman v. Treasurer*, 12 Iowa, 531, it was held that "property can be taxed only when authorized and required by the lawmaking power, and then only in the manner prescribed by law." See *Worthington v. Whitman*, 67 Iowa, 191; *Appanoose County v. Vermilion*, 70 Iowa, 365. In *Rood v. Board*, 39 Iowa, 446, it is said: "As the board of supervisors had no authority to increase the assessment, the taxes levied upon such enhanced valuation are not simply irregular, but illegal. The assessment by competent authority is essential to the validity of a tax." See, also, *Santa Clara County v. Southern Pac. R. Co.*, 118 U. S. 394 (6 Sup. Ct. Rep. 1132, 30 L. Ed. 118), and *California v. Central Pac. R. Co.*, 127 U. S. 1 (8 Sup. Ct. Rep. 1073, 32 L. Ed. 150). We conclude, upon the facts as shown in the petition and these authorities, that the tax in question is illegal and void, and therefore the judgment and decree of the district court are AFFIRMED.

SHERWIN, J., took no part.