SECURITY SAVINGS BANK v. C. D. CARROLL, Treasurer of Linn County, Iowa, and LINN COUNTY, IOWA, Appellants.

Taxation of omitted property: INJUNCTION. A taxpayer may enjoin the collection of a void assessment; it is only where the same is irregular that he is confined to the remedy of appeal or certiorari.

Same: ASSESSMENT TO AGENT: PERSONAL LIABILITY. The money, notes, credits or other personal property of a non-resident which are in the possession or under the control of a resident agent for pecuniary profit, either to himself or the owner, may, if he refuses to disclose the name of the owner, be assessed to the agent; but before he can be made personally liable for the tax the fact of agency and possession or control of such property for profit must be shown.

Same: PLEADINGS: EFFECT OF DEMURRER. Where the answer, in an action to enjoin the collection of taxes assessed to an agent on omitted property, alleges the agency and other facts necessary to warrant the assessment, a demurrer thereto is an admission of the allegations, and it cannot be said that the treasurer acted solely on suspicion and surmise in making the assessment.

Assessment of omitted property: POWER OF TREASURER. Where one in response to a notice from the treasurer to appear and show cause why property held by him as an agent should not be assessed and he appears and denies having any such property, the treasurer has the same power to make an assessment as is conferred by law upon a regular assessor.

**Same:** SUFFICIENCY OF EVIDENCE: REVIEW. The question of whether the treasurer acted upon sufficient information in making an assessment of omitted property cannot be determined on the pleadings, in an action to enjoin the collection of the tax, but the remedy is by an appeal from the assessment.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

FRIDAY, OCTOBER 19, 1906.

SUIT in equity to enjoin the county treasurer from enforcing an assessment of property made under section 1374 of the Code. There was a judgment for the plaintiff on demurrer to an amendment to the petition and to the answer to the original petition. The defendants appeal.— *Reversed.*

*Voris & Haas,* for appellants.

*Dawley, Hubbard & Wheeler* and *Cooper, Clemons & Lamb,* for appellee.

SHERWIN, J.— In December, 1903, the appellant, C. D. Carroll, as treasurer of Linn county, listed and assessed against the appellee, as agent for others who were not named, moneys, loans, and credits alleged to have been omitted from taxation for the years 1899 to 1902 inclusive. The plaintiff in this action seeks to restrain the treasurer from collecting, or attempting to collect, the tax so assessed by him. By an amendment to the petition the plaintiff also seeks to restrain the appellant from making a proposed similar assessment for the year 1903. The original petition alleged that the board of supervisors of the county employed the firm of Fleener, Schleicher & Martin to assist the county treasurer in attempting to discover property omitted from taxation in said county; that on or about the 7th day of November, 1903, said firm, for the purpose of extorting from the plaintiff any information it might possess as to property owned by

others, not in any way in the possession or under the control of plaintiff as agent, made a report to the defendant treasurer that the plaintiff had in its possession and under its control as agent for other parties, not naming them, moneys, loans, and credits that had been omitted from taxation for the years 1899 to 1902 inclusive, aggregating over $2,000,-000; that on November 10, 1903, defendant gave to the plaintiff notice of said report and of a proposed assessment thereon; that, at the time said report was made and filed, said firm had no evidence that appellee had in its possession or under its control, as agent, moneys, loans, and credits belonging to other parties, and the same was based solely on surmise and conjecture, and the said Carroll, at the time he sent appellee the notice, knew that said firm had no evidence of the truth of the matters set forth in the report and notice. The petition further alleges the filing of written objections to the listing and assessing of said property, and a denial by appellee that it had in its possession, or under its control, for other parties, property liable for taxation for said years; that said Carroll, on the 1st day of December, 1903, listed and assessed against plaintiff as agent for others the property alleged to have been omitted from taxation for said years; that at said time no evidence was offered or furnished to said defendant upon which said listing and assessing could be based, and the same was so listed and assessed on surmise and conjecture; that no evidence was offered or produced to show that plaintiff was acting as the agent of any person; that there was no evidence to show that plaintiff had in its possession or under its control any moneys, notes, credits, or personal property belonging to other persons, with a view of investing the same for pecuniary profit for plaintiff or the owner; that no evidence was offered showing the name of any person owning such personal property. The defendant demurred to this petition, and, the demurrer being overruled, he answered, admitting some of the allegations of the petition, but denying that the report of Fleener, Schleicher

& Martin was based solely upon surmise and conjecture; denying that the defendant acted without evidence and upon surmise alone in listing and assessing the property, and without evidence that the plaintiff was acting as agent and had in its possession moneys and other personal property belonging to other persons, for the purpose of investment; denying that there was a lack of evidence showing the names of the persons to whom the property belonged. The answer affirmatively alleges " that plaintiff had in its possession and control as agent for others, nonresidents of Iowa, unknown to defendants, moneys and credits, holding the same for pecuniary profit, and omitted from taxation " for the years for which it had been assessed by the defendant. After the filing of this answer the plaintiff filed an amendment to its petition assailing the proposed assessment of property omitted in 1903 for substantially the same reasons given in the original petition. Appellant's demurrer to the amendment to the petition was overruled, and thereafter appellee demurred to the answer and the demurrer was sustained. The defendant elected to stand on his demurrer to the amendment to the petition and on his answer to the original petition, and the relief asked by the plaintiff was granted.

The defendant having appealed from the ruling on his demurrer to the amendment to the petition as well as from the ruling on the plaintiff's demurrer to his answer, all of the questions raised by the plaintiff in his original petition are practically before us for determination notwithstanding the affirmative averment of the answer which the demurrer admits.

The important and controlling question in this case is whether the assessment made by the treasurer was absolutely void or erroneous only. If illegal and void, its collection

1. TAXATION OF OMITTED PROPERTY: injunction. may be enjoined in equity even if there be a tribunal provided for reviewing the same. It is only in cases where the tax is irregular or erroneous that the remedy by appeal is exclusive; where the

tax is void, the party is not obliged to appeal or proceed by *certiorari...Barber v. Farr,* 54 Iowa, 57; *Powers v. Bowman,* 53 Iowa, 359; *Rood v. Board,* 39 Iowa, 444; *C. M. & St. P. Ry. Co. v. Phillips,* 111 Iowa, 377; *Layman v. Telephone Co.,* 123 Iowa, 599.

The appellee contends that the assessments made by the defendant, as treasurer, were illegal and void, and made without authority of law for the following reasons:   An

2. SAME: assessments to agent: personal liability.
agent cannot be assessed for the tax on property of his principal.   An assessment against the property of a nonresident must be made in the name of the property holder and not in the name of the agent.    Before the agent can be made personally liable for the tax, the fact of agency must exist, and there must be evidence showing same and the existence of property subject to taxation which is held by the agent for pecuniary profit. It is further said that the assessment was based on fraud and conspiracy, and made for the purpose of extorting information from the appellee.   Code, section 1316, provides that " any person required to list property belonging to another   .   .   .   shall list it as if it were his own, but he shall list it separately from his own giving the assessor the name of the person or estate to which it belongs."   And Code, section 1320, is as follows:   " Any person acting as the agent of another, and having in his possession or under his control or management any money, notes and credits, or personal property belonging to such other person, with a view to investing or loaning or in any other manner using or holding the same for pecuniary profit, for himself or the owner, shall be required to list the same at the real value, and such agent shall be personally liable for the tax on the same; and, if he refuse to render the list or to swear to the same, the amount of such money, property, notes or credits may be listed and valued according to the best knowledge and judgment of the assessor."

The property in question was assessed to the plaintiff

as agent without giving the names of the owners thereof, and the appellee argues that the defendant had no authority to so assess it, because of the requirement of section 1316 that a person required to list property belonging to another. shall list it separately from his own, giving the assessor the name of the person to whom it belongs. While this section makes it the duty of a person required to list property, to list it separately from his own and to give the assessor the name of the owner, and it may perhaps be said that section 1320 contemplates the same thing, it does not follow that an assessment may not be made to a party as agent under the latter section. The purpose of the section is to reach property belonging to nonresidents of the State. *Trust Co. v. Board of Equalization,* 121 Iowa, 325. When the agency, and the possession, control, or management is shown to exist, for the purpose designated by the section, the agent becomes personally liable for the tax. This liability was undoubtedly imposed by the Legislature for the purpose of more completely enforcing collection of the tax, and with the idea of compelling the agent to stand in the place of his principal; otherwise such personal liability would probably not have been imposed. If the agent lists the property and discloses the name of his principal, it may be that the property should then be assessed to the principal, but we are not certain that such was the intent. The agent's personal liability being fixed in any event, it would naturally follow that the property should be assessed to him for the purpose of avoiding mistake and confusion in the future. But, however that may be, it is clear that personal property must be assessed to some " named individual; " and if the agent refuse to disclose the name of his principal, we know of no sound reason for holding that there can be no assessment. If such a rule were to be adopted it would greatly facilitate the evasion of just taxation, and might effectually destroy the purpose of the statute. While the precise question now under consideration was not directly involved in the case,

we referred to it in Trust Co. v. Board, *supra,* and said:
" The assessment must be made to some named individual
— the owner, if an inhabitant of the State; but, if he be
a nonresident, then the resident agent found in possession
or control of the property."

In this case the plaintiff denied its agency and asserted
that it had no property liable to assessment; hence, if the
assessor found that the other conditions of the section existed,
we think he was justified in assessing the property to ap-
pellee as agent without naming the owners thereof.   Before
an agent can be made personally liable for the tax, the fact
of agency must be shown, and it must further be shown that
he has possession or control of property for investment or
use as provided by the statute.   Code, section 1320; Trust
Co. v. Board, *supra.*

The appellee claims that none of these requirements
had been met when the treasurer made the assessment in
question, and that he was therefore without jurisdiction
and his act absolutely illegal and void.   The
3. SAME: plead-  precise point is made that the treasurer
ings: effect
of demurrer.   acted solely on surmise and conjecture as to
those matters.   As to the tax for the years 1899 to 1902
inclusive, the answer alleges the existence of the agency and
the other facts necessary to warrant an assessment, and the
truth of the allegations are admitted by the demurrer.   The
appellee seeks to avoid the force of this position by arguing
that the answer admits facts which show that the assessment
was void, first, because it admits that the assessment was
made in the name of the bank and failed to state the name
of the owner of the property; it admits that the appellee
denied holding any property as agent, and fails to allege
that the agent refused to list the property of its principal.
All of these contentions are practically disposed of by what
has been said relative to the assessment to the plaintiff as
agent.   It is true, the answer admits that the appellee
denied holding moneys or credits as agent, but such ad-

mission does not destroy or modify the positive allegation of
the answer to the contrary.   So far, then, as the assessment
for the years 1899 to 1902 is concerned, the contention that
it was made on surmise and conjecture cannot be sustained.

Section 1374 of the Code confers on the treasurer the
power to assess omitted property, and, in the exercise of
this power, he notified the appellee to appear and show cause
**4. ASSESSMENT**     why the property in question should not be
**OF OMITTED**
**PROPERTY:**     assessed; and, when the appellee, responding
**power of**
**treasurer.**     to such notice, appeared and denied that it
had in its possession or under its control as agents any part
of the amount named in the notice as subject to taxation,
we think the treasurer had the same power to assess that is
conferred on the regular assessor by Code, section 1320.

The appellee further contends that the demurrer to the
amendment to the petition was properly sustained because
the allegations of said amendment, admitted by the de-
**5. SAME: suffi-**     murrer, show that the firm making the report
**ciency of**
**evidence:**     to the treasurer, and the treasurer himself,
**review.**     had no evidence sustaining the report, or upon
which an assessment could be based. Whether Fleener,
Schleicher & Martin had evidence upon which to base their
report, we do not consider material.   The duty of making
an assessment did not rest on them; and hence the basis of
their report could in no way affect or control the action of
the treasurer.   The amendment does not allege that the
plaintiff was not, in fact, the agent of others, having in its
possession or under its control for investment, moneys, notes,
and credits.   It seems to have carefully avoided such an
allegation; it went no further than to aver that it had made
such claim in response to the notice of the treasurer.   Had
the pleading negatived all of the essentials for a legal as-
sessment under Code, section 1320, an entirely different case
would be presented.   But it simply says that the treasurer
will assess without sufficient evidence of the several matters
necessary for a legal assessment.   If, as a matter of fact,

the plaintiff was liable as agent under section 1320, and there is no denial of this in the pleading under consideration, the notice required by chapter 50, Acts 28th General Assembly, gave the treasurer jurisdiction to make the assessment, and the question whether he acted on sufficient evidence can be determined only on an appeal. It is fundamental that jurisdiction can never depend on the sufficiency of the evidence. If an officer or tribunal who has the power and whose duty it is to hear and determine a cause is guilty only of a defective or wrongful execution of such power, the judgment is not void, it is only voidable and stands as valid until reversed on appeal. 17 Am. & Eng. Enc. of Law, 1047, 1071, 1072, and cases cited. An appeal is provided in these cases, and we are of opinion that it is on an appeal that the court must determine on the whole evidence whether an assessment has been properly made, " and, if it finds that, under the evidence, no assessment should have been made," it should set it aside. *Schoonover v. Petcina,* 126 Iowa, 261. It is true, as we said in *Galusha v. Wendt,* 114 Iowa, 597, an assessment should not be made on mere surmise, but that goes to the question of the sufficiency of the evidence alone; and hence is not jurisdictional. Code, section 1374, provides that when the treasurer is " apprised " that property subject to taxation is, for any reason, not listed and assessed, he shall act; and, by chapter 50, Acts 28th General Assembly, an appeal from his action is provided for. A remedy by appeal being thus provided, an action to restrain the treasurer will not lie unless it be made clearly to appear that the assessment is absolutely illegal and void. See cases heretofore cited, and *Security Savings Bank v. Carroll,* 128 Iowa, 230; *Home Savings & Trust Co. v. Hicks,* 116 Iowa, 114; *Stevens v. Carroll,* 130 Iowa, 463.

The district court erred in sustaining the demurrers, and its judgment must be, and it is, *reversed.*