NATIONAL LOAN & INVESTMENT COMPANY ET AL., Appellees, v. THE BOARD OF SUPERVISORS OF LINN COUNTY, Appellant.

**Intoxicating liquors:** ASSESSMENT OF MULCT TAX: PROCEDURE. Taxation in itself is the exercise ·of an extraordinary power and the procedure pointed out by statute for accomplishing the same must be strictly pursued; so that when it is sought to impose a mulct tax under the provisions of Code, section 2435, as amended, the citizens who are authorized to institute the proceeding must themselves serve the notice and make proof thereof, to confer jurisdiction upon the auditor to assess the tax; it cannot be done by another.

*Appeal from Linn District Court.*— HON. B. H. MILLER,
Judge.

MONDAY, MAY 20, 1907.

THE trial court annulled and set aside a mulct tax
assessment made by the county auditor of Linn county,
and the county, through its board of supervisors, appeals.
— *Affirmed.*

*C. G. Watkins,* county attorney, and *Charles W. Kep-
ler & Son,* for appellants.

*F. L. Anderson,* for appellees.

BISHOP, J.— On June 20, 1905, there was filed in the
office of the county auditor of Linn county a paper signed by
L. E. White, H. J. Wiley, and George Lantz, describing
themselves as citizens of Marion, Linn county, which paper
on its face purported to be a notice addressed to the plain-
tiff company, as owner, and the plaintiff Beck, as tenant,
that the subscribers intended on June 29th to list with the
auditor certain described real property situated in the city
of Marion, the same being a place where intoxicating liquors
were kept and sold in violation of law, for the purposes of
an assessment and taxation under provisions of the Code re-
lating to such subject. It is recited in the abstract before
us that on June 21st this notice was given — it does not ap-
pear by whom — to a constable of the county for service,
and on June 29th the constable filed the notice with the
auditor with an affidavit of service as made by him. On
the date stated, said White et al. filed with the auditor a
verified statement to the effect that these plaintiffs were
maintaining the premises in question as a place for the un-
lawful keeping and sale of intoxicating liquors. There was
no appearance in response to the notice, and the auditor at
once proceeded to assess a mulct tax. Thereafter these

plaintiffs appeared before the board of supervisors of Linn county, and in writing asked that the tax so assessed be canceled, and this upon the ground that the service of notice upon them had not been made by any of the citizens by whom such notice was signed, and no proof of service of such notice by an affidavit of one or more of such citizens had been made and returned to the auditor; that, on account thereof, the auditor had no jurisdiction to proceed to an assessment, and his act was illegal and void. The board of supervisors refused to cancel or remit the tax, whereupon an appeal was taken to the District Court. The case having been there submitted, the court found that service of notice had not been made as required by law, that the auditor was without jurisdiction, and the tax was annulled and set aside. This appeal followed.

Code, section 2433, provides that at stated times each township, town, or city assessor shall return to the county auditor a list of the persons engaged in the business of selling or keeping intoxicating liquors for sale, and the places of such business. By section 2435, as amended (section 2435, Code Supp. 1902), it is provided that: " Should the assessor for any reason fail to perform his duty, any three citizens of the county can  .  .  .    procure the listing of names and places with the same force and effect as if done by the assessor. At least five days before listing the property or names  .  .  .  such citizens shall give notice in writing of their intention so to do to the same parties [the owner and occupant of the property],  .  .  .   and proof of the service of notice shall be made by the affidavit of one or more of the citizens making the return, which affidavit shall be returned to and filed with the auditor with the list of names and property sought to be charged; and the return and affidavit of the citizens so filed shall be admissible in evidence," etc.

We have, then, the question, simple of statement, whether a county auditor acquires jurisdiction to proceed

to an assessment upon there being filed in his office a notice, service and return of which has been made by a constable, and not by the citizens signing the same. We think, as did the trial court, that the question must be answered in the negative. The purpose of the proceeding authorized by the statute is to levy and collect a tax; and the proceeding is unusual and extraordinary, in that it provides that three citizens may become a part of the taxing machinery of the State. Taxation, in itself, is the exercise of an extraordinary power, and, when it is proposed to take of the property of a citizen a portion to satisfy the necessities of government, the method of procedure pointed out by law must be strictly complied with. *Railroad v. Davenport,* 51 Iowa, 451; *Railroad v. Phillips,* 111 Iowa, 377; *Bradley v. Brown,* 75 Iowa, 180; *Grimes v. Ellyson,* 130 Iowa, 286; Cooley on Taxation, 285.

Accordingly, it is only where the statute requires a thing to be done, but fails to point out any particular form or manner of proceeding, that the taxing officers may select the method by which the object shall be attained. Here, by direct command of the statute, the citizens who are given place in the machinery provided to accomplish taxation are required to serve notice, and they must make proof by their own affidavit of the fact of such service. It follows that, until this is done, the auditor has no jurisdiction to proceed. It is as if the auditor himself was required to serve the notice, and make oath to the fact of his service before proceeding further. Surely such a requirement of statute could not be satisfied by service and proof thereof made by any person other than such officer. Why the Legislature saw fit to require service and proof thereof at the hands of some one of the three citizens acting in any given case, we shall not stop to inquire. It was a part of the proceedings made essential to a complete service in such cases, and the question why or wherefore is not for us to answer. As the statute was not complied with in the case

before us, it must be said that the auditor proceeded without jurisdiction, and the assessment made by him was void.— *Affirmed.*