WOODBINE SAVINGS BANK, Appellee, v. E. G. TYLER et al., Appellants.

**TAXATION: Levy and Assessment—Void Assessments—Review by Equity Court.** Equity will afford relief against a void tax, even though the one complaining (a) is not the one against whom the tax was originally assessed and (b) makes no tender of payment of the tax which would have been due had the assessment been legally completed.

**TAXATION: Levy and Assessment—Assessment Rolls—Failure to Authenticate.** Principle recognized that the failure of the assessor to attach his oath to the assessment rolls wholly invalidates the tax.

**PLEADING: Demurrer—Standing on Demurrer—Effect.** He who, by his demurrer, takes the position that his antagonist is entitled *to no relief whatever*, and, on the overruling of the demurrer, stands thereon, may not, on appeal, contend that such antagonist is not entitled to all the relief which the overruling of the demurrer gave him.

PRINCIPLE APPLIED: Plaintiff pleaded that an assessor had wholly failed to attach his oath to an assessment roll, and that consequently a tax levied thereon, affecting plaintiff's property, was wholly void. He pleaded for the cancellation of said tax and of the sale had and certificate issued. Defendant demurred, on the theory that plaintiff was, in equity, entitled to no relief whatever. Demurrer was overruled. Defendant stood on his demurrer. *Held*, defendant was precluded, on appeal, from claiming that plaintiff might not complain of certain specified parts of the tax.

*Appeal from Harrison District Court.*—J. B. ROCKAFELLOW, Judge.

MAY 14, 1917.

REHEARING DENIED DECEMBER 14, 1917.

THE action is one by plaintiff against defendant to have certain alleged taxes declared null and void, and to have a tax certificate of purchase, a tax sale, and the sale of lands based upon said taxes, canceled, on the ground that there was no valid listing, assessment or levy of said taxes, because the assessor who attempted to list the property liable for taxes failed to attach his oath to the assessment rolls, as required by Code Section 1365.—*Affirmed.*

*Roadifer & Roadifer* and *L. W. Fallon,* for appellants.

*H. L. Robertson,* for appellee.

SALINGER, J.—I.   We agree with appellant that the foreclosure suit through which appellee has title was in such condition as to parties joined and issues made as that the decree of foreclosure does not preclude the appellants from contending that the tax in controversy was a valid one, and we proceed to determine that question, unaffected by said foreclosure decree.

1. TAXATION: levy and assessment: void assessment: review by equity court.

In *Warfield-Pratt-Howell Co. v. Averill Groc. Co.,* 119 Iowa 75, there was an attempt to enter upon the assessment book a tax against a stock of goods.   There, as here, the assessor did not attach the oath which Section 1365 of the Code of 1897 requires to be attached to the assessment roll.   Averill owned this stock of goods from January 1, 1899, to June 1st of that year, when he delivered possession to the Letts-Fletcher Company, in pursuance of an agreement entered into May 2, 1899.   The latter sold and delivered the stock remaining, about two thirds, to plaintiff Warfield on June 20, 1899.

2. TAXATION: levy and assessment: assessment rolls: failure to authenticate.

In October and December of that year, the proper officers
of the county and city levied the annual taxes, and plain-
tiff, on being advised that, unless these taxes were paid
before June 25, 1900, collection would be enforced by dis-
tress and sale, paid the entire amount.  He sought at law
to recover back from the defendant Averill.  We held that
the requirement to attach the oath is mandatory, and that
without same the assessment is invalid, as distinguished
from being merely irregular.

1-a

The appellants claim the *Warfield* case makes a dis-
tinction between actions at law and suits in equity.  With-
out passing at this time upon whether such a distinction
exists, we are of opinion that the case does not make it.
It says that there is reliance by appellee upon authorities
to the effect that equity will not lend its aid to defeat the
collection of a tax unless it appears to be unequal and
unjust, and an offer is made to pay such sum as in justice
and equity the complainant ought to pay; and the citations
for which this claim is made are set out.  It continues that,
in the cited cases, the distinction between an action in
equity to restrain or prevent the enforcement of an alleged
tax lien and a suit at law directly involving the validity
of the assessment is clearly pointed out; that the fact that
the two lines of decisions run throughout the reports of
several states, both of which are unquestioned, indicates
there is no conflict; that, in the one, equity refuses to in-
terfere unless, in good conscience, the suitor shows himself
entitled to relief, while at law, relief is awarded because of
the absence of a valid assessment upon which to base a re-
covery.  Since the *Warfield* action was at law, the court
had no occasion to determine whether a different rule pre-
vails in equity, and up to this point, makes no attempt to
determine it, and, in effect, merely points out that such a
distinction is claimed; that cases cited by appellee make it,

and make it clearly; and points out upon what basis these cases make the distinction. The most that is added is a dictum that the distinction made by these cases is not in conflict with the rule prevailing on the law side. To make clear that there is no attempt to say what the rule should be in equity, there is added that this distinction was declared unsound by the Supreme Court of North Dakota in *Eaton v. Bennett,* 87 N .W. 188, overruling an earlier case upon which appellee relied, on the ground that nothing can be said to be justly due, in the absence of a valid assessment. The question whether the distinction which appellant seeks to make obtains, is not foreclosed by the *Warfield* case.

### 1-b

In *Conway v. Younkin,* 28 Iowa 295, there was no failure to verify the roll, but there was an omission of the assessor to insert the name of a person whom he intended to assess jointly with another as the owner of the property assessed, and it was held that this was an error which might properly be corrected by the clerk of the board of supervisors, under Section 747 of the Revision. It is upon this record we said that equity will not interfere to prevent the collection of a tax authorized by law, and to which the property is justly liable, on account of what this particular omission is, to wit, a mere irregularity. We have no quarrel with this, but it does not settle the case before us. It does not settle that equity will attach conditions to resisting a void assessment. In *Litchfield v. County,* 40 Iowa 66, at 68, a suit in equity, nothing but irregularities were involved. They consisted: (1)  In the classification of the lands by the supervisors as to their values, (2) the assessment of the lands to unknown owners in 80-acre tracts; (3) the want of a warrant to the tax list; (4) the failure of the treasurer to offer the lands for sale at a time required by law. It is as to this we held that mere irregularities in the assessment or levy of taxes will not justify

the interference of equity to stay their collection. What we have said as to the *Conway* case applies to this.

*Rood v. Board,* 39 Iowa 444, involved what was held to be an illegal tax. We said:

"In many states it has been held that a court of equity will not interpose by injunction to restrain the enforcement of a tax, but that the party will be remitted to the usual remedies at law. In this state, however, it has uniformly been held that, if the tax is illegal and not merely irregular, its enforcement will be restrained by injunction."

For this, many of our own decisions are cited. This statement is approved in *Montis v. McQuiston,* 107 Iowa 651, at 652. *Hubbard v. Board,* 23 Iowa 130, was an action in equity to restrain the collection of a tax which is held to be void. The equity jurisdiction is upheld. (151). *Reed v. City of Cedar Rapids,* 138 Iowa 366, holds by strong implication that the requirement to verify the assessment roll is not abrogated in a suit in equity to enjoin the collection of taxes assessed. *Chamberlain v. City of Burlington,* 19 Iowa 395, cited in the *Rood* case, sustains enjoining the collection of an illegal tax. So of *Macklot v. City of Davenport,* 17 Iowa 379. And so of *Litchfield v. County,* 18 Iowa 70. And of *Williams v. Peinny,* 25 Iowa 436. The citations of the *Rood* case include *Zorger v. Township,* 36 Iowa 175, and *Olmstead v. Board,* 24 Iowa 33, both of which sustain the holding of the *Rood* case by at least very strong implication. Approving the *Rood* case, we say, in *Security Sav. Bank v. Carroll,* 131 Iowa 605, at 608, 609, that, if a tax be illegal and void, equity may be invoked even if there be a tribunal provided for reviewing the same. To like effect, and approving the *Rood* case, is *Hubbell v. Bennett,* 130 Iowa 66, at 68. And so of *Chicago, M. & St. P. R. Co. v. Phillips,* 111 Iowa 377, at 380, 384. *State Board v. Holliday,* (Ind.) 49 N. E. 14, sustains a proceeding to enjoin

the state board from listing and valuing the life insurance policies for taxation that were held by appellees. *Senour v. Ruth,* (Ind.) 39 N. E. 946, 947, permits an invalid taxation to be attacked collaterally. The proposition that courts may relieve from assessments levied without jurisdiction is supported by the following authorities: *County of Santa Clara v. Southern Pac. R. Co.,* 6 Sup. Ct. Rep. 1132; *Central Pac. R. Co. v. People of California,* 16 Sup. Ct. Rep. 766; *St. Marys Gas Co. v. Elk County,* (Pa.) 43 Atl. 321; *Keokuk & H. Bridge Co. v. People,* (Ill.) 43 N. E. 691; *Maxwell v. People,* (Ill.) 59 N. E. 1101; *Poe v. Howell,* (N. M.) 67 Pac. 62; *State v. Ernst,* (Nev.) 65 Pac. 7.

Holding that equity may intervene where the tax is void, as distinguished from being merely irregular, is supported in analogy by cases like *Worrall v. Chase,* 144 Iowa 665, and *Rea v. Rea,* 123 Iowa 241, to the effect that one who attacks a void judgment based upon an alleged debt does not have the burden of showing he does not owe the debt in order to be entitled in equity to a cancellation of the judgment.

It is true this is not an injunction to restrain the collection of a tax, and is a suit to have the title to certain premises quieted in the plaintiff. But the foundation of it all is whether a claimed tax shall be held to be effective. And so while, as is usual, there is a variation in facts, we are of opinion that the case here is, in principle, within these rules. See *First National Bank v. City of Council Bluffs,* 182 Iowa—.

True, there is a presumption that the alleged taxation was valid, and that everything was done by the appropriate officers that the law requires to be done. Though true, it is immaterial here, because the demurrer admits that there was an omission which, under the law, makes the tax void.

We are at a loss to understand why appellant has cited

*Darner v. Daggett,* (Neb.) 75 N. W. 548.   The case decides that, in an action for damages because of false representations by the vendor as to the character of an invoice of the goods sold, there was no prejudicial error in permitting a witness to testify that certain goods were old, when that fact was important in determining their real value tested by the invoice, and that this was especially the case in view of the fact that the court afterwards instructed the jury it should not take such evidence into account as furnishing a basis for recovery because of the defective quality of the goods in question.

### 1-c

Having settled that the tax is void, as distinguished from being merely irregular, we hold that the appellee could have relief without a tender of taxes that might exist to be paid if the process of taxation had ever been completed, or if there was a tax to be paid which was irregular rather than void.

We are of opinion, too,—and the *Warfield-Averill* case gives support to it,—that the one whose property is sought to be affected by an illegal tax may complain even though the person against whom the tax was attempted to be assessed does not complain.   We do not dispute the text of 37 Cyc. 1085d, that a taxpayer can waive irregularities; but the answer again is that here is more than an irregularity.

We have no fault to find with the text in Jaggard on Taxation, pp. 466, 491, which points out the distinction between irregularity and invalidity or illegality; and it is true that failure to attach the affidavit required by the Iowa statute is not pointed out as being an illegality.   It is not referred to at all.   But, as seen, it is settled in this jurisdiction that the omission here involved makes a tax void.   Therefore, it is void even though no text writer included it in his statement of what constitutes a void tax.

In view of our position that the tax which is the basis

of appellee's complaint is void, and that the equity juris-
diction is available as to a void tax, we are unable to see
that statute provisions making it the duty of an owner to
list property for taxation have any importance.   Therefore
it is also unimportant to go into what constitutes an owner,
within the meaning of provisions requiring listing by one.
For that matter, we have passed upon the precise point in
*Hubbard v. Board,* 23 Iowa 130, at 151, where we say:

"It is true that the owner is required to assist the as-
sessor in listing his property; but it would be a most vio-
lent presumption to say that, because of this duty, without
any averment that in the particular case it was discharged,
the owner was estopped from complaining of an illegal or
unauthorized levy."

**3. PLEADING:
demurrer:
standing on
demurrer:
effect.**

II.   It is contended, as we understand
it, that, at all events, the appellee may not
complain of some part of the alleged tax.
We have met the argument, in part at least,
by holding that one against whom the assessment was
attempted may not waive the illegality at the expense of
the one whose property is now sought to be charged, and
that in this case, no tender of the claimed tax was required.
We have to add that the demurrer proceeded on the ex-
pressed ground that the allegations of the petition do not
entitle the plaintiff to the relief demanded.   It was the
duty of the court to overrule the demurrer, if the petition
entitled to any relief.   So, even if overruling the demurrer
finally resulted in relieving the appellee of some part of
the tax from which it should not have been relieved, that
is due to the fact that appellant elected to stand upon the
demurrer.   If it felt that the ruling on the demurrer un-
justifiably effected discharge from some part of the tax, it
should have excepted to the ruling on demurrer and then
pleaded over by framing an issue on whether, at all events,

some part of the tax was not valid. The trial court was compelled to either sustain or overrule the demurrer. If that resulted in giving appellee too much relief, we have pointed out how that might have been avoided.

III.    Concede that Section 1417 of the Code of 1897, *Genther v. Fuller*, 36 Iowa 604, *Eldridge v. Kuehl*, 27 Iowa 160, *Parker v. Sexton*, 29 Iowa 421, and *Parker v. Cochran*, 64 Iowa 757, sustain that a tax sale is not illegal merely because part of the taxes for which land is sold are. This is not material, because, upon the issues presented on this appeal, we are constrained to find that all of the tax was illegal.

The decree of the district court must be—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.